**Doyle PRICE and Ranger Insurance Company, Appellants,**

v.

**The FIRESTONE TIRE & RUBBER COMPANY, Appellee.**

No. 05–84–01190–CV.

Court of Appeals of Texas, Dallas.

Nov. 20, 1985.

James Boanerges, Boanerges & Yaussy,
Houston, for appellants.

C. Vernon Hartline, P. Michael Jung, Strasburger & Price, Dallas, for appellee.

Before AKIN, ALLEN and DEVANY, JJ.

ALLEN, Justice.

This is an appeal from an order dismissing appellants Price's and Ranger's (collectively "Price") case against appellee Firestone for want of prosecution. In this court, Price complains that the trial court erred (1) in dismissing the case when Price was present in court; (2) in conditioning reinstatement on the payment of Firestone's attorney's fees and expenses; and (3) in failing to take evidence on the motion to reinstate; and that (4) dismissal and denial of reinstatement violated the due process clauses of the constitutions of the State of Texas and of the United States. We agree with Price's second contention and hold that the trial court abused its discretion in conditioning reinstatement and in dismissing the case for want of prosecution based on Price's failure to meet the conditions. We, therefore, reverse the dismissal order of the trial court, order that the case be reinstated, and remand the case for trial.

The limited relevant facts shown by the record reveal that the case was set for trial at 9:00 a.m. on June 6, 1984, with all parties being on notice. When the case was called, Firestone's attorneys and Doyle Price were present, but Price's attorneys had not arrived. The trial court delayed the proceeding, awaiting the arrival of Price's attorneys from Houston. A jury panel was ordered. At 9:55 a.m. Firestone's attorney moved to dismiss the case for want of prosecution. The court questioned Price about his willingness to proceed pro se. Price advised the court that he knew nothing about law, did not have the case file, and could only answer questions. The court granted Firestone's motion to dismiss for want of prosecution and dismissed the jury panel. The parties are in agreement that Price's attorneys arrived at the court by 10:05 a.m., after the court had announced that the case would be dismissed but before the court signed the dismissal order.

On July 2, Price, by verified pleading, moved to reinstate the case. The motion stated the attorneys' flight was delayed due to weather conditions; the time of arrival; and the court's refusal to proceed with the trial. An August 9 order granted the motion to reinstate and vacated the June 6 order of dismissal. The order then directed Firestone to file a written statement of its expenses and attorney's fees involved in the preparation for and attendance at trial on June 6 and in responding to Price's motion to reinstate. Firestone accordingly filed a statement totaling $4,336.50. On September 10, Price responded to Firestone's statement of expenses by moving for an unconditional order of reinstatement. On September 13, the trial court ordered Price to pay Firestone the sum of $4,336.50 by September 24, or else the case would be dismissed for want of prosecution. When Price failed to pay Firestone, the trial court again dismissed the case. It is from this order that Price appeals.

The trial court may dismiss a suit for want of prosecution pursuant to either the statutory authority of Rule 165a of the Texas Rules of Civil Procedure or the trial court's "inherent power". *State v. Rotello,* 671 S.W.2d 507, 508–09 (Tex.1984); *Veterans' Land Board v. Williams,* 543 S.W.2d 89 (Tex.1976). Rule 165a, which provides a reinstatement procedure, was adopted by the Supreme Court in 1973 in order to ameliorate the effect of dismissals for want of prosecution. *Rizk v. Mayad,* 603 S.W.2d 773, 776 (Tex.1980). As amended effective April 1, 1984, Rule 165a now controls reinstatement procedure for all cases, whether dismissed under Rule 165a or pursuant to the court's inherent power. TEX.R.CIV.P. 165a(3). *See* McConnico & Bishop, "Practicing Law With the 1984 Rules: Texas Rules of Civil Procedure Amendments Effective April 1, 1984," 36 BAYLOR L.REV. 73, 84–85 (1984); 4 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 17.19 (rev.1984).

An application for reinstatement is addressed to the trial court's discretion, and the trial court's ruling will not be disturbed absent abuse of discretion. *Wyatt v. Texas Oklahoma Express, Inc.*, 693 S.W.2d 731, 732 (Tex.App.—Dallas 1985, no writ); *Wm. T. Jarvis Co., Inc. v. Wes-Tex Grain Co.*, 548 S.W.2d 775, 778 (Tex.Civ. App.—Waco 1977, writ ref'd n.r.e.). Rule 165a(2) provides the guidelines for exercise of the trial court's discretion: "The court *shall* reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX.R.CIV.P. 165a(2) (emphasis added). Whether the party's or attorney's conduct was "not intentional or the result of conscious indifference," is a fact-finding within the trial court's discretion. After this finding is made, the language of the rule is mandatory. *See Jaynes v. Lee*, 306 S.W.2d 182, 185 (Tex.Civ.App.—Tyler 1957, no writ) (the word *shall* in statute is intended to be mandatory and is inconsistent with any idea of discretion).

Rule 165a clearly provides two alternatives to the trial court: the court must either reinstate or dismiss, based upon its fact-finding. Rule 165a does not expressly authorize conditional reinstatement, nor may its language reasonably be construed to imply such an alternative. Thus, we hold that the trial court was without authority to impose this condition on reinstatement of this suit.

Furthermore, since the court initially reinstated the case, we presume that the trial court found that Price's attorneys' conduct was not intentional or the result of conscious indifference, was due to accident or mistake, or was reasonably explained. *See Allen v. Bentley Laboratories, Inc.*, 538 S.W.2d 857, 861 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.); *cf. Berry v. Riley*, 551 S.W.2d 74, 76 (Tex.Civ.App.—Houston [1st Dist] 1977, writ ref'd n.r.e.).

Our case law is clear that, had the trial court refused to reinstate the case and allowed its original dismissal to stand, the trial court's dismissal would have constituted an abuse of discretion. *See Wyatt v. Texas Oklahoma Express, Inc.*, 693 S.W.2d 731 (Tex.App.—Dallas 1985, no writ); *Sandstrum v. Magruder*, 510 S.W.2d 388 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). The trial court was correct to reinstate the case. The trial court abused its discretion, however, in adding a monetary condition to the reinstatement.

Firestone argues that reinstatement is governed by the same standards that apply to the grant of a new trial following a default judgment, and that, by analogy, reinstatement may be conditioned upon the payment of expenses and fees under the authority of *Equitable General Insurance Co. of Texas v. Yates*, 684 S.W.2d 669 (Tex. 1984). In *Yates*, the Texas Supreme Court held that the trial court may condition the grant of a motion for new trial upon the movant's payment of $500 for opposing counsel's fees for preparing and presenting the response to the motion for new trial. *Id.* at 671. The Court stated:

> A trial court has long been vested with great discretion in ruling upon a motion for a new trial and, absent manifest abuse of discretion, its action will not be disturbed on appeal. *The latitude of the trial court's discretion is addressed in Rule 320*, which provides: "New trials may be granted and judgment set aside for good cause, on motion or on the court's own motion *on such terms as the court shall direct*."

*Id.* at 670 (emphasis added) (citations omitted).

The disposition of this case is not controlled by the *Yates* decision. The *Yates* holding is based on Rule 320, which authorizes the trial court to grant new trials "on such terms as the court shall direct." This language expressly grants wide discretion to the trial court. In contrast, Rule 165a(2) provides for no discre-

tion on the part of the trial court after its finding that the party's or attorney's conduct was "not intentional or the result of conscious indifference." We recognize that this construction of the rule treats defaulting plaintiffs more leniently than defaulting defendants, who are required to pay costs and expenses as a condition of obtaining a new trial. *United Beef Producers v. Lookingbill,* 532 S.W.2d 958, 959 (Tex.1976); *Dallas Heating Co., Inc. v. Pardee,* 561 S.W.2d 16, 22 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). As a matter of policy, an amendment to rule 165a in this respect may be advisable. However, this Court may not enact or amend rules of civil procedure. *Beach v. Runnels,* 379 S.W.2d 684, 686 (Tex.Civ.App.—Dallas 1964, writ ref'd).

We next turn to the question of whether the trial court erred in dismissing the case upon Price's failure to obey the trial court's conditional reinstatement order. The same standard of review applies to all dismissals whether dismissed pursuant to Rule 165a or the court's inherent authority. *Moore v. Armour & Co., Inc.,* 660 S.W.2d 577, 578 (Tex.App.—Amarillo 1983, no writ). The inquiry is whether there was a clear abuse of discretion by the trial court. "The matter rests in the sound discretion of the trial court. It is not an unbridled discretion, but a judicial discretion subject to review. Upon review, the question is whether there was a clear abuse of discretion by the trial court. That is a question of law." *Bevil v. Johnson,* 157 Tex. 621, 625, 307 S.W.2d 85, 87 (1957); *State v. Rotello,* 671 S.W.2d 507, 509 (Tex. 1984); *Wyatt,* 693 S.W.2d at 731. We hold that the trial court abused its discretion in dismissing Price's suit for failure to comply with the trial court's unauthorized order conditioning continued reinstatement upon payment of $4,336.50 to Firestone.

*We reverse the trial court's order of September 28, 1984, reinstate this case on the trial court's docket, and remand this case for trial.*