Homer SALAZAR, Appellant,

v.

BUTLER & BINION, Appellee.

No. A14–92–00490–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1992.

Elizabeth J. Tepikian, Katherine L. Butler, Houston, for appellant.

Joe C. Holzer, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from an amended Order of Dismissal. In three points of error, appellant contends that the Court abused its discretion by vacating its original order and entering a new one. We affirm.

Plaintiff, Butler & Binion, sued Xerox Corporation, Homer Salazar and Lawrence A. Wheeler for entering into unreasonable equipment lease agreements for which Butler & Binion's costs greatly exceeded the value received. Butler & Binion settled with Xerox Corporation and Lawrence Wheeler. On February 12, 1992, Butler & Binion filed a motion requesting the Court to dismiss the case with prejudice. Counsel for Butler & Binion represented to the Court that: "all matters in controversy between the parties [had] been compromised and settled."

■ The trial court entered an order dismissing the case with prejudice on February 13, 1992. On February 18, 1992, Butler & Binion filed a Motion to Set Aside the Order of Dismissal, because counsel discovered he had inadvertently included in the Motion to Dismiss the defendant, Homer Salazar, with whom they had not settled. They requested that the Court set aside the prior Order of Dismissal, enter a new order dismissing the case with prejudice as to Xerox Corporation and Lawrence Wheeler, and dismissing the case *without prejudice* as to Homer Salazar. On March 12, 1992, the Court entered a new order, which vacated the Order of Dismissal entered on February 13, 1992, dismissed the case with prejudice as to Xerox Corporation and Lawrence Wheeler, and dismissed the case without prejudice as to Homer Salazar. Homer Salazar claims that the Court abused its discretion in changing the prior order.

■ During its plenary power, a trial court can vacate, modify, correct or reform its judgment. *Transamerican Leasing Co. v. Three Bears, Inc.,* 567 S.W.2d 799, 800 (Tex.1978); *Bryan v. Resolution Trust Corp.,* 823 S.W.2d 433, 434 (Tex.App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.). This power, although not absolute, is perhaps the strongest of all the trial court's powers. Since the new order was entered less than 30 days after the original order was signed, the trial court acted within its period of plenary power.

Appellant asserts that it is the general rule in Texas that a trial court cannot grant a new trial which is based on attorney negligence. He argues that the modification of judgments is akin to a motion for new trial. However, the case law appellant cites is not applicable to the case at bar. He cites cases which deal either with: (1) attorney negligence in conducting a trial; or (2) an appellate court's refusal to find an abuse of discretion when a trial court *did not* grant a new trial based on attorney negligence.

■ The case at bar is more akin to a dismissal under TEX.R.CIV.P. 162 or 165a. If a party takes a voluntary dismissal, or if a plaintiff's claim is dismissed for want of prosecution, the trial court may reinstate the dismissed cause of action. *McClendon v. State Farm Mut. Auto. Ins. Co.,* 796 S.W.2d 229, 233 (Tex.App.—El Paso 1990, writ denied); *Missouri Pacific R.R. Co. v. Whitaker,* 815 S.W.2d 348, 349 (Tex.App.—Tyler 1991, org. proceeding [leave denied]); and *Price v. Firestone Tire & Rubber Co.,* 700 S.W.2d 730 (Tex.App.—Dallas 1985, no writ). The trial court merely looks to the actions of the party or his attorney to determine if they were intentional or the result of conscious indifference rather than due to accident or mistake. *Price* at 733.

The record establishes that Homer Salazar did not participate in the settlement agreement between Butler & Binion, Xerox Corporation and Lawrence Wheeler. It further shows that Butler & Binion inadvertently dismissed Homer Salazar with prejudice. Regardless of what label or title

is put on the motion filed by Butler & Binion, the trial court acted within its plenary power in changing, amending or setting aside its prior order.

We find that good cause existed for vacating the original Order of Dismissal, and that the Court did not abuse its discretion when it modified its order. All three points of error are overruled. We affirm the trial court's judgment.