# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-02-00072-CV

---

**Jose Chacon, Appellant**

**v.**

**Jeneen Jellison, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY**
**NO. 249,303, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Jose Chacon appeals the denial of his motion for new trial. The county court at law dismissed Chacon=s suit after neither Chacon nor his attorney appeared for trial. The court later denied Chacon=s motion for new trial. In two issues, Chacon contends that the county court at law abused his discretion by not granting a new trial because: (1) Chacon provided sufficient evidence that his failure to appear at trial was not intentional or the result of conscious indifference, but was due to accident or mistake, and (2) counsel for appellee violated the mandate or spirit of the Texas Lawyer=s Creed. *See* Texas Lawyer=s CreedBA Mandate for Professionalism (adopted by the Supreme Court of Texas and the Court of Criminal Appeals of Texas, Nov. 7, 1989, *reprinted* in Texas Rules of Court 587-589 (West 2002)). We will modify the county court at law=s judgment and, as modified, affirm.

# BACKGROUND

In February 1998, Chacon was injured in an automobile collision with appellee Jeneen Jellison. Chacon sued Jellison for damages arising from the collision. The county court at law set the case for trial on several occasions, each of which was continued at Chacon=s request.

The last motion-for-continuance hearing was set for September 6, 2001. Carter White of the Law Offices of Joe Richard Flores had signed all pleadings on behalf of Chacon up to that time. However, White had accepted employment in California, and another attorney, Scott Ogle, stood in for him at the hearing. Ogle maintained that he had never met Chacon, did not have permission to serve as Chacon=s attorney, and had not reviewed Chacon=s files. Further, Ogle explained that Joe Flores, White=s former employer, planned to close his Austin office and currently did not maintain files in that office. The court directed Ogle to notify Flores that Flores was now Chacon=s attorney of record. In order to provide Flores time to familiarize himself with Chacon=s case, the court granted the motion for continuance.

After the hearing, Jellison set the case for an October 22, 2001 trial. Jellison sent notice of the trial setting to Flores=s Edinburg address, which she had obtained from the State Bar of Texas, by certified mail, return receipt requested. Flores=s secretary signed the certified-mail receipt.

On October 22, the county court at law called the case for trial. Jellison and her attorney appeared; however, neither Chacon nor his counsel appeared.[1] Jellison moved for dismissal, which the court granted, ordering that Chacon's action Abe dismissed with prejudice and that [Chacon] take nothing against [Jellison].@

---

[1] Rule 247 provides as follows:

> Every suit shall be tried when it is called, unless continued or postponed to a future day or placed at the end of the docket to be called again for trial in its regular order. No cause which has been set upon the trial docket of the court shall be taken from the trial docket for the date set except by agreement of the parties or for good cause upon motion and notice to the opposing party.

Tex. R. Civ. P. 247.

Chacon filed a motion for new trial, claiming that the notice to Flores=s Edinburg offices constituted insufficient notice and that, after the secretary signed for the trial-setting notice, the notice was Aeither accidentally misplaced, misfiled, or lost while being routed@ from Flores=s secretary to his legal assistant, who places events on Flores=s calendar. Flores supported his contention with affidavits from himself, his legal secretary, and his legal assistant, all asserting that the trial-setting notice was misplaced after receipt and before its being placed on Flores=s calendar.

At the motion-for-new-trial hearing, Ogle again appeared in Flores=s place. Ogle maintained that, despite his advice to the court at the earlier motion-for-continuance hearing, Flores planned to close his Austin office. He further stated that Jellison should have provided notice of trial to Flores at his Austin office, rather than the Edinburg office, because Flores had not formally changed his address in the trial-court record. Ogle admitted that neither White nor Flores currently practiced in Austin, but persisted in his contention that Jellison=s notice to Flores in Edinburg was improper. The court reminded Ogle of his comments at the motion-for-continuance hearingCthat ACarter White was no longer involved in this case; he wasn=t at that address; and, in fact, that office was closed.@ The court also reminded Ogle that, at the September 6 hearing, Ogle maintained that Flores was the attorney of record and that Ogle=s representation of Chacon was only temporary. The county court at law overruled Chacon=s motion.

## DISCUSSION

By his first issue, Chacon contends that the trial court erred by failing to order a new trial. Specifically, Chacon argues that, because he presented evidence suggesting that his failure to appear at trial was not intentional or the result of conscious indifference, but was due to accident or mistake, the trial court abused his discretion in failing to grant Chacon a new trial.

Rule 165a of the Texas Rules of Civil Procedure establishes that any Acase may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice.@ Tex. R. Civ. P. 165a. The decision to dismiss rests in the sound discretion of the trial court. *State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984); *Veteran=s Land Bd. v. Williams*, 543 S.W.2d 89, 89 (Tex. 1976); *Bevil v. Johnson*, 307 S.W.2d 85, 87 (Tex. 1957). Although the trial court=s discretion is not unbridled, a reviewing court will disturb its ruling only for a clear abuse of discretion. *Rotello*, 671 S.W.2d at 509; *Bevil*, 307 S.W.2d at 87.

In deciding whether a dismissal is warranted, the trial court may consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, the request for trial setting, and the existence of reasonable excuses for delay. *City of Houston v. Thomas*, 838 S.W.2d 296, 297 (Tex. App.CHouston [1st Dist.] 1992, no writ); *see also Rotello*, 671 S.W.2d at 509. Because neither Chacon nor his attorney appeared for the trial, the trial court=s dismissal falls directly within the express grant of power established in rule 165a(1).

However, Rule 165a includes a reinstatement procedure designed to ameliorate the effect of a dismissal for want of prosecution or neglect. Tex. R. Civ. P. 165a; *Rizk v. Mayad*, 603 S.W.2d 773,

5

776 (Tex. 1980); *Price v. Firestone Tire & Rubber Co.*, 700 S.W.2d 730, 732 (Tex. App.CDallas 1985, no writ). Rule 165a(3) offers specific provisions applicable to dismissals for failure to appear at a hearing or trial. Tex. R. Civ. P. 165a(3).

Both sides urge this Court to apply *Craddock v. Sunshine Bus Lines* to determine if the court abused his discretion. 133 S.W.2d 124 (Tex. 1939). *Craddock* established a three-part test for determining whether a defendant should receive a new trial *after a default judgment has been granted* based upon the defendant=s failure to appear or answer.[2] *Id*. at 126. However, the case before us deals not with a default judgment, but a dismissal for lack of prosecution. Thus, *Craddock* does not apply.

An application for reinstatement under rule 165a(3) is determined upon the same abuse-of-discretion standard as that governing dismissals under rule 165a(1). Tex. R. Civ. P. 165a(3); *Price*, 700 S.W.2d at 733; *Wyatt v. Texas Okla. Express, Inc.*, 693 S.W.2d 731, 732 (Tex. App.CDallas 1985, no writ). Rule 165a(3) establishes the guidelines governing the trial court=s discretion: AThe court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the

---

[2] *Craddock* established that A[a] default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.@ *Craddock v. Sunshine Bus Lines,* 133 S.W.2d 124, 126 (Tex. 1939).

result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.@ Tex. R. Civ. P. 165a(3). Whether the party=s conduct was intentional or the result of conscious indifference is a question of fact to be determined by the trial court in its discretion. *Clark v. Yarbrough*, 900 S.W.2d 406, 409 (Tex. App.CTexarkana 1995, writ denied); *Price*, 700 S.W.2d at 730. If the court makes a finding that the party=s conduct did not result from intentionality or conscious indifference, the court must reinstate the case. Tex. R. Civ. P. 165a(3); *Clark*, 900 S.W.2d at 409; *Price*, 700 S.W.2d at 730.

In this case, Chacon argues that his case deserves the protection of rule 165a(3) because the notice to his attorney=s Edinburg office was not adequate. Further, Chacon contends that Flores=s secretary lost the trial notice after the signing and returning the certified-mail receipt but before it was placed on Flores=s calendar. Chacon provided affidavits from Flores, Flores=s legal secretary, and Flores=s legal assistant to support this claim. Jellison contends that the return receipt itself is strong evidence that the notice was received. Further, Jellison argues that, because Ogle had previously told the court that he was not the attorney of record and that Flores planned to close his Austin office and was no longer maintaining files there, it was reasonable to send notice to Flores=s Edinburg address.

On these facts, we cannot conclude that the trial court acted arbitrarily or unreasonably when he found that Chacon failed to meet the requirements mandating reinstatement under rule 165a(3). *See MacGregor v. Rich*, 941 S.W.2d 74, 76 (Tex. 1997) (refusing to find abuse of discretion where trial court outlined basis for decision in dismissal order and considered evidence and argument at motion to reinstate). The trial court held hearings on several motions for continuance, which he granted. At the final

7

continuance hearing, the court specifically indicated that Flores was Chacon=s attorney of record. Neither Flores nor Chacon appeared for trial. The court conducted a fact-finding hearing in response to Chacon=s motion for new trial. Again, Flores did not appear. The court heard arguments from Ogle that the trial-setting notice was lost after Flores=s secretary signed the return receipt but before Flores placed the date on his calendar. He also heard from Jellison that she received confirmation from Flores=s secretary that Flores=s office received the notice. The court served as the fact finder at the hearing. Both the dismissal and the refusal to reinstate Chacon=s case under rule 165a(3) fell within the trial court=s discretion. By considering evidence and argument in the reinstatement hearing, the trial court established that he made his determinations with reference to guiding rules and principles. Thus, we cannot say that the trial court abused his discretion by dismissing and refusing to reinstate Chacon=s action.

We now consider whether the trial court erred by dismissing Chacon=s case *with prejudice* after his failure to appear. In *State v. Herrera*, we held that Texas law Adoes not authorize a defendant to take a default judgment which adjudicates against the plaintiff the merits of his suit.@ 25 S.W.3d 326, 327 (Tex. App.CAustin 2000, no pet.) (citing *Freeman v. Freeman*, 327 S.W.2d 428, 431 (Tex. 1959)). A judgment that does so is voidable. *See Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (disapproving of *Freeman*=s holding that default judgments adjudicating merits of plaintiff=s claim are void, rather than merely voidable). Although rule 165a allows a trial court to dismiss for want of prosecution based on a plaintiff=s failure to appear for trial, the trial court may not adjudicate the merits of a plaintiff=s claim upon such failure to appear. Tex. R. Civ. P. 165a; *Crofts v. Court of Civil Appeals,* 362 S.W.2d 101, 104 (Tex. 1962); *Herrera*, 25 S.W.3d at 327.

8

We conclude that when a plaintiff fails to appear for trial, the trial court may only dismiss the plaintiff=s claims without prejudice; it may not render a take-nothing judgment based on a plaintiff=s failure to appear at trial. *See* Tex. R. Civ. P. 165a(1); *see also Herrera*, 25 S.W.3d at 328. Thus, although the county court at law=s dismissal of Chacon=s action fell within his discretion, dismissing the action with prejudice did not. We modify the county court at law=s judgment to reflect a dismissal *without prejudice*. Accordingly, we need not address the merits of Chacon=s second issue.

## CONCLUSION

The judgment of the county court at law is modified to dismiss appellant=s action without prejudice, and as modified, affirmed.

_____L

ee Yeakel, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Modified and, as Modified, Affirmed

Filed: March 27, 2003

9