TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN


 




NO. 03-02-00072-CV






Jose Chacon, Appellant


v.


Jeneen Jellison, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY

NO. 249,303, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Appellant Jose Chacon appeals the denial of his motion for new trial. The county
court at law dismissed Chacon's suit after neither Chacon nor his attorney appeared for trial. The
court later denied Chacon's motion for new trial. In two issues, Chacon contends that the county
court at law abused his discretion by not granting a new trial because: (1) Chacon provided
sufficient evidence that his failure to appear at trial was not intentional or the result of conscious
indifference, but was due to accident or mistake, and (2) counsel for appellee violated the mandate
or spirit of the Texas Lawyer's Creed. See Texas Lawyer's Creed-A Mandate for Professionalism
(adopted by the Supreme Court of Texas and the Court of Criminal Appeals of Texas, Nov. 7, 1989,
reprinted in Texas Rules of Court 587-589 (West 2002)). We will modify the county court at law's
judgment and, as modified, affirm.

BACKGROUND

 In February 1998, Chacon was injured in an automobile collision with appellee
Jeneen Jellison. Chacon sued Jellison for damages arising from the collision. The county court at
law set the case for trial on several occasions, each of which was continued at Chacon's request. 

 The last motion-for-continuance hearing was set for September 6, 2001. Carter White
of the Law Offices of Joe Richard Flores had signed all pleadings on behalf of Chacon up to that
time. However, White had accepted employment in California, and another attorney, Scott Ogle,
stood in for him at the hearing. Ogle maintained that he had never met Chacon, did not have
permission to serve as Chacon's attorney, and had not reviewed Chacon's files. Further, Ogle
explained that Joe Flores, White's former employer, planned to close his Austin office and currently
did not maintain files in that office. The court directed Ogle to notify Flores that Flores was now
Chacon's attorney of record. In order to provide Flores time to familiarize himself with Chacon's
case, the court granted the motion for continuance.

 After the hearing, Jellison set the case for an October 22, 2001 trial. Jellison sent
notice of the trial setting to Flores's Edinburg address, which she had obtained from the State Bar
of Texas, by certified mail, return receipt requested. Flores's secretary signed the certified-mail
receipt.

 On October 22, the county court at law called the case for trial. Jellison and her
attorney appeared; however, neither Chacon nor his counsel appeared. (1)
 Jellison moved for dismissal,
which the court granted, ordering that Chacon's action "be dismissed with prejudice and that
[Chacon] take nothing against [Jellison]."

 Chacon filed a motion for new trial, claiming that the notice to Flores's Edinburg
offices constituted insufficient notice and that, after the secretary signed for the trial-setting notice,
the notice was "either accidentally misplaced, misfiled, or lost while being routed" from Flores's
secretary to his legal assistant, who places events on Flores's calendar. Flores supported his
contention with affidavits from himself, his legal secretary, and his legal assistant, all asserting that
the trial-setting notice was misplaced after receipt and before its being placed on Flores's calendar. 

 At the motion-for-new-trial hearing, Ogle again appeared in Flores's place. Ogle
maintained that, despite his advice to the court at the earlier motion-for-continuance hearing, Flores
planned to close his Austin office. He further stated that Jellison should have provided notice of trial
to Flores at his Austin office, rather than the Edinburg office, because Flores had not formally
changed his address in the trial-court record. Ogle admitted that neither White nor Flores currently
practiced in Austin, but persisted in his contention that Jellison's notice to Flores in Edinburg was
improper. The court reminded Ogle of his comments at the motion-for-continuance hearing--that
"Carter White was no longer involved in this case; he wasn't at that address; and, in fact, that office
was closed." The court also reminded Ogle that, at the September 6 hearing, Ogle maintained that
Flores was the attorney of record and that Ogle's representation of Chacon was only temporary. The
county court at law overruled Chacon's motion.


DISCUSSION

 By his first issue, Chacon contends that the trial court erred by failing to order a new
trial. Specifically, Chacon argues that, because he presented evidence suggesting that his failure to
appear at trial was not intentional or the result of conscious indifference, but was due to accident or
mistake, the trial court abused his discretion in failing to grant Chacon a new trial. 

 Rule 165a of the Texas Rules of Civil Procedure establishes that any "case may be
dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any
hearing or trial of which the party had notice." Tex. R. Civ. P. 165a. The decision to dismiss rests
in the sound discretion of the trial court. State v. Rotello, 671 S.W.2d 507, 509 (Tex. 1984);
Veteran's Land Bd. v. Williams, 543 S.W.2d 89, 89 (Tex. 1976); Bevil v. Johnson, 307 S.W.2d 85,
87 (Tex. 1957). Although the trial court's discretion is not unbridled, a reviewing court will disturb
its ruling only for a clear abuse of discretion. Rotello, 671 S.W.2d at 509; Bevil, 307 S.W.2d at 87.

 In deciding whether a dismissal is warranted, the trial court may consider the entire
history of the case, including the length of time the case was on file, the amount of activity in the
case, the request for trial setting, and the existence of reasonable excuses for delay. City of Houston
v. Thomas, 838 S.W.2d 296, 297 (Tex. App.--Houston [1st Dist.] 1992, no writ); see also Rotello,
671 S.W.2d at 509. Because neither Chacon nor his attorney appeared for the trial, the trial court's
dismissal falls directly within the express grant of power established in rule 165a(1). 

 However, Rule 165a includes a reinstatement procedure designed to ameliorate the
effect of a dismissal for want of prosecution or neglect. Tex. R. Civ. P. 165a; Rizk v. Mayad, 603
S.W.2d 773, 776 (Tex. 1980); Price v. Firestone Tire & Rubber Co., 700 S.W.2d 730, 732 (Tex.
App.--Dallas 1985, no writ). Rule 165a(3) offers specific provisions applicable to dismissals for
failure to appear at a hearing or trial. Tex. R. Civ. P. 165a(3).

 Both sides urge this Court to apply Craddock v. Sunshine Bus Lines to determine if
the court abused his discretion. 133 S.W.2d 124 (Tex. 1939). Craddock established a three-part test
for determining whether a defendant should receive a new trial after a default judgment has been
granted based upon the defendant's failure to appear or answer. (2) Id. at 126. However, the case
before us deals not with a default judgment, but a dismissal for lack of prosecution. Thus, Craddock
does not apply.

 An application for reinstatement under rule 165a(3) is determined upon the same
abuse-of-discretion standard as that governing dismissals under rule 165a(1). Tex. R. Civ. P.
165a(3); Price, 700 S.W.2d at 733; Wyatt v. Texas Okla. Express, Inc., 693 S.W.2d 731, 732 (Tex.
App.--Dallas 1985, no writ). Rule 165a(3) establishes the guidelines governing the trial court's
discretion: "The court shall reinstate the case upon finding after a hearing that the failure of the party
or his attorney was not intentional or the result of conscious indifference but was due to an accident
or mistake or that the failure has been otherwise reasonably explained." Tex. R. Civ. P. 165a(3). 
Whether the party's conduct was intentional or the result of conscious indifference is a question of
fact to be determined by the trial court in its discretion. Clark v. Yarbrough, 900 S.W.2d 406, 409
(Tex. App.--Texarkana 1995, writ denied); Price, 700 S.W.2d at 730. If the court makes a finding
that the party's conduct did not result from intentionality or conscious indifference, the court must
reinstate the case. Tex. R. Civ. P. 165a(3); Clark, 900 S.W.2d at 409; Price, 700 S.W.2d at 730. 

 In this case, Chacon argues that his case deserves the protection of rule 165a(3)
because the notice to his attorney's Edinburg office was not adequate. Further, Chacon contends that
Flores's secretary lost the trial notice after the signing and returning the certified-mail receipt but
before it was placed on Flores's calendar. Chacon provided affidavits from Flores, Flores's legal
secretary, and Flores's legal assistant to support this claim. Jellison contends that the return receipt
itself is strong evidence that the notice was received. Further, Jellison argues that, because Ogle had
previously told the court that he was not the attorney of record and that Flores planned to close his
Austin office and was no longer maintaining files there, it was reasonable to send notice to Flores's
Edinburg address.

 On these facts, we cannot conclude that the trial court acted arbitrarily or
unreasonably when he found that Chacon failed to meet the requirements mandating reinstatement
under rule 165a(3). See MacGregor v. Rich, 941 S.W.2d 74, 76 (Tex. 1997) (refusing to find abuse
of discretion where trial court outlined basis for decision in dismissal order and considered evidence
and argument at motion to reinstate). The trial court held hearings on several motions for
continuance, which he granted. At the final continuance hearing, the court specifically indicated that
Flores was Chacon's attorney of record. Neither Flores nor Chacon appeared for trial. The court
conducted a fact-finding hearing in response to Chacon's motion for new trial. Again, Flores did
not appear. The court heard arguments from Ogle that the trial-setting notice was lost after Flores's
secretary signed the return receipt but before Flores placed the date on his calendar. He also heard
from Jellison that she received confirmation from Flores's secretary that Flores's office received the
notice. The court served as the fact finder at the hearing. Both the dismissal and the refusal to
reinstate Chacon's case under rule 165a(3) fell within the trial court's discretion. By considering
evidence and argument in the reinstatement hearing, the trial court established that he made his
determinations with reference to guiding rules and principles. Thus, we cannot say that the trial
court abused his discretion by dismissing and refusing to reinstate Chacon's action.

 We now consider whether the trial court erred by dismissing Chacon's case with
prejudice after his failure to appear. In State v. Herrera, we held that Texas law "does not authorize
a defendant to take a default judgment which adjudicates against the plaintiff the merits of his suit." 
25 S.W.3d 326, 327 (Tex. App.--Austin 2000, no pet.) (citing Freeman v. Freeman, 327 S.W.2d
428, 431 (Tex. 1959)). A judgment that does so is voidable. See Mapco, Inc. v. Forrest, 795 S.W.2d
700, 703 (Tex. 1990) (disapproving of Freeman's holding that default judgments adjudicating merits
of plaintiff's claim are void, rather than merely voidable). Although rule 165a allows a trial court
to dismiss for want of prosecution based on a plaintiff's failure to appear for trial, the trial court may
not adjudicate the merits of a plaintiff's claim upon such failure to appear. Tex. R. Civ. P. 165a;
Crofts v. Court of Civil Appeals, 362 S.W.2d 101, 104 (Tex. 1962); Herrera, 25 S.W.3d at 327. 

 We conclude that when a plaintiff fails to appear for trial, the trial court may only
dismiss the plaintiff's claims without prejudice; it may not render a take-nothing judgment based on
a plaintiff's failure to appear at trial. See Tex. R. Civ. P. 165a(1); see also Herrera, 25 S.W.3d at
328. Thus, although the county court at law's dismissal of Chacon's action fell within his discretion,
dismissing the action with prejudice did not. We modify the county court at law's judgment to
reflect a dismissal without prejudice. Accordingly, we need not address the merits of Chacon's
second issue.


CONCLUSION


 The judgment of the county court at law is modified to dismiss appellant's action
without prejudice, and as modified, affirmed.



 __________________________________________Lee Yeakel, Justice

Before Justices Kidd, B. A. Smith and Yeakel 

Modified and, as Modified, Affirmed

Filed: March 27, 2003

1. Rule 247 provides as follows: 



Every suit shall be tried when it is called, unless continued or postponed to a
future day or placed at the end of the docket to be called again for trial in its
regular order. No cause which has been set upon the trial docket of the court
shall be taken from the trial docket for the date set except by agreement of the
parties or for good cause upon motion and notice to the opposing party.


Tex. R. Civ. P. 247. 

2. Craddock established that "[a] default judgment should be set aside and a new trial ordered
in any case in which the failure of the defendant to answer before judgment was not intentional, or
the result of conscious indifference on his part, but was due to a mistake or an accident; provided
the motion for a new trial sets up a meritorious defense and is filed at a time when the granting
thereof will occasion no delay or otherwise work an injury to the plaintiff." Craddock v. Sunshine
Bus Lines,133 S.W.2d 124, 126 (Tex. 1939).