Opinion issued April 28, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00169-CV

———————————

Microcheck Systems, Inc., Microcheck Solutions, Inc., and John
Manning,
Appellants

V.

Mike Smith,
individually and d/b/a CMS Technology a/k/a CMS Technologies, and Michoice
technology Systems, Inc., Appellees



 



 

On Appeal from the 125th District Court 

Harris County, Texas



Trial Court Case No. 2004-59790

 



 

MEMORANDUM OPINION

Appellants
MicroCheck Systems, MicroCheck Solutions, Inc., and John Manning (collectively,
“MicroCheck”) challenge the trial court’s denial of their motion to reinstate
following dismissal for want of prosecution. 
We reverse the trial court’s judgment.   


BACKGROUND

The trial court dismissed the
underlying case after no one appeared at a docket call on January 4, 2010.  This ruling was memorialized in a written
order on that date stating that the “Court presumes that Plaintiff has no
intention to further prosecute this case.”   


1.     MicroCheck’s Motions to Reinstate

On January 12, 2010, MicroCheck
filed an unverified “Plaintiff’s Motion to Reinstate after Dismissal without
Prejudice,” stating that MicroCheck was “in the process of having new counsel
substituted in for them and did not know of the pre-trial conference and former
counsel, Scarlett May, was under the impression that the Motion for
Substitution had been filed and approved, as new counsel had been working on a
Petition for Mandamus to file in this case so no one appeared at the pre-trial hearing
conference.”  The motion was signed by
MicroCheck’s new attorney, Patrick Hubbard, and accompanied by an affidavit
from him, stating: 

Plaintiffs
. . . were in the process of having new counsel substitute in for them and did
not know of the pre-trial conference, and former Counsel, Scarlett May, was
under the impression that the Motion for Substitution of Counsel had been filed
and approved, as new counsel had been working on a Petition for Mandamus to
file in the case, so no one appeared at the pre-trial conference.  It was learned on this date that the cause
had been dismissed for want of prosecution. 
Movant would never have voluntarily allowed the case to be dismissed, as
they have been pursuing the case since it was filed in 2004.

 

In response, appellees Mike Smith,
individually and d/b/a CMS Technology a/k/a CMS Technologies and Michoice
Technology Systems, Inc. (collectively, “Michoice”), argued that (1)
MicroCheck’s filing did not establish that its counsel’s failure to attend was
not due to conscious indifference, as required to support reinstatement, and (2)
Hubbard’s affidavit improperly attempts to explain why Scarlett May,
MicroCheck’s attorney of record, did not attend the hearing, without
demonstrating any personal knowledge on Hubbard’s part about why May did not
attend.     

MicroCheck, on February 2, 2010,
filed “Plaintiff’s Second Motion to Reinstate after Dismissal Without
Prejudice,” containing the same factual assertions as its first motion and
attaching an affidavit by May stating: 

I
was counsel for Plaintiffs . . . most of 2009. 
I personally attended every hearing and motion that was scheduled during
my time of representation during 2009 until the docket call scheduled for
January 4, 2010.  In early December, 2009
it was decided between me and my clients that they would substitute counsel as
they desired to file a Mandamus action concerning a ruling on a Motion to
Dismiss some of Plaintiffs’ causes of action, which they felt were state causes
of actions, and I did not want to participate in that appellate matter.  I was informed that attorney Patrick G.
Hubbard would be the new counsel, and I agreed to allow him to substitute
counsel with my clients’ approval.  A
Motion and Order for Substitution for Counsel was sent to me before the
Christmas holiday.  I had approved the
motion with my signature, but the original of the document did not get sent to
Patrick Hubbard’s office immediately. I have determined that the Motion and
Order for Substitution was mailed to my client, instead, for their signature
and approval first, and then was delivered to Patrick G. Hubbard’s office.  I assumed that the filing of the motion would
be expedited and handled without any more effort on my part because of the upcoming
docket call and trial date.  I did not
learn until January 5, 2010 that the Motion for Substitution had not been
filed.  My thinking was that once I
signed the Motion and Order for Substitution that I was off the hook on the
representation of Plaintiffs and I erroneously assumed that someone from Mr.
Hubbard’s office would appear at the docket call and proceed on with trial
matters, or that the Mandamus would be filed in the Court of Appeals and the
trial would be delayed.  My
communications were with my clients and not with Mr. Hubbard.  My failure to appear at the docket call was
not intentional and was not a result of conscious indifference, but as a result
of wrongly believing that new counsel would take over all representation
immediately after I signed off on the Motion for Substitution of Counsel.  I would never have intentionally failed to
appear at any court hearing or docket call while I was still counsel of
record.  On January 5, 2010 I received
correspondence from my Microcheck clients inquiring as the status of the docket
call.  It was at that time that I spoke
to the trial coordinator that I learned that I was still Plaintiffs’ counsel,
and that no one from either side had appeared at docket call.  There have been a number of docket calls on
this case since it first began in 2004, and on each occasion, it appears that
counsel for Plaintiffs always attended.  

My
failure to attend docket call was a mistake on my part, and not intentional,
and certainly not the result of any conscious indifference.  I am asking this Honorable Court to please
reinstate the Plaintiffs’ case.      

 

2.     The Reinstatement Hearing

At the February 3, 2011 hearing,
the court noted that it wanted to hear from May because she was still the
attorney of record.  She testified,
consistent with her affidavit, that it was not her “intention to just not show
up.”  It was her understanding that she
was “off the case.”  She explained that,
because of some disagreements about strategy with her client culminating over
several months, she told her client at the beginning of December that she
wished to withdraw as their counsel, and agreed to stay on until they could
locate substitute counsel.  May’s clients
sent her a motion to substitute Hubbard, MicroCheck’s new counsel, in
mid-December.  She signed the motion and
sent it back to her clients, with the understanding that she was “off the case
then.”  She conceded that, in hindsight,
she should have contacted Hubbard to coordinate and ensure that he planned to
appear at docket call.  Finally, she
testified that she would never intentionally just not show up. 

At the hearing, Michoice argued
that the court had the discretion to deny the motion for reinstatement because
of inconsistencies between Hubbard’s motion, May’s affidavit, and the testimony
at the hearing.  Specifically, it noted
that Hubbard’s motion stated that his clients “did not know of the pre-trial
conference,” while May’s affidavit, and testimony from a MicroCheck
representative, indicated that MicroCheck in fact did know about the hearing.[1]  Michoice also argued that MicroChoice’s
conduct in a parallel federal suit was “improper” and shows “MicroCheck’s
mentality.” 

At the hearing, the court
admonished May that—because the
court had not yet signed the order permitting Hubble to substitute for may as
counsel—it was her responsibility to
attend the hearing:

I
wanted to hear from you because you are the attorney of record.  You still are the attorney of record.  I have yet to sign the motion to substitute
counsel and as such you have a responsibility to show up for all of the
hearings that are set for your client and you failed to show up at this one and
I wanted to hear from you as to what your reasoning was.  It sounds like we have a misunderstanding
here but nonetheless, understand it is your responsibility, misunderstanding
notwithstanding, to know what’s going on in your file.

 

As
a result of this and, I guess, that lack of knowledge, we are here today.  So I’m faced with the choice of getting rid
of the case or reinstating the case and I, as a matter of policy, I don’t want
people missing my docket call.  I can’t
have that.  So that’s something I am
considering. 

 

At the close of the hearing, the court announced:
“Based on the affidavits that are before the Court and the evidence presented
to the Court, I am going to deny the motion to reinstate.”  

3.     MicroCheck’s appeal

MicroCheck brought this appeal,
complaining in two points of error about (1) the trial court’s denying its
motions to reinstate, and (2) the trial court’s entry of an earlier agreed
interlocutory order dismissing some of MicroCheck’s claims as preempted by
federal law.  

Denial of Motion to Reinstate     

A trial court may dismiss a case on
“failure of any party seeking affirmative relief to appear for any hearing or
trial of which the party had notice.”  Tex. R. Civ. P. 165a(1).  A verified motion to reinstate may be filed
within 30 days of dismissal, and the court is required to hold a hearing on the
motion.  Tex. R. Civ. P. 165a(3). 
Attaching a supporting affidavit can substitute for verification of the
motion.  3V, Inc. v. JTS Enters., Inc., 40 S.W.3d 533, 539 (Tex. App.—Houston [14th Dist.] 2001, no pet.).   The court must reinstate the case “upon
finding after a hearing that the failure of the party or his attorney was not
intentional or the result of conscious indifference but was due to an accident
or mistake or that the failure has been otherwise reasonably explained.”  Tex.
R. Civ. P. 165a(3).  

The standard for reinstatement
following dismissal for want of prosecution is “essentially the same as that
for setting aside a default judgment.”  Smith v. Babcock & Wilcox Constr. Co.,
913 S.W.2d 467, 468 (Tex. 1995).  “A
failure to appear is not intentional or due to conscious indifference within
the meaning of the rule merely because it is deliberate; it must also be
without adequate justification.”  Id. 
“Proof of such justification—accident, mistake or other reasonable
explanation—negates the intent or conscious indifference for which
reinstatement can be denied.”  Id. 
“[C]onscious indifference means more than mere negligence.” Id. (citing Ivy v. Carrell, 407 S.W.2d 212, 213 (Tex. 1966)).

   
Whether the failure to appear was “‘not intentional or the result of
conscious indifference’ is a fact-finding within the trial court’s
discretion.”  Price v. Firestone Tire & Rubber Co., 700 S.W.2d 730, 733 (Tex.
App.—Dallas 1985, no writ); see also
Brown v. Howeth Investments, Inc., 820 S.W.2d 900, 903 (Tex. App.—Houston
[1st Dist.] 1991, writ denied) (“The standard we apply to review the trial
court’s refusal to reinstate is whether the trial court abused its discretion.”).  The fact finder is the sole judge of the
credibility of the witnesses and the weight to be given their testimony.  Hinkle
v. Hinkle, 223 S.W.3d 773, 778 (Tex. App.—Dallas 2007, no pet.) (citing City of Keller v. Wilson, 168 S.W.3d
802, 819 (Tex. 2005)).  “[I]f the factual
assertions in party’s affidavit are not controverted, the movant’s burden is
satisfied if the affidavit sets forth facts that, if true, negate intentional
or consciously indifferent conduct.”  Dick v. Dick, No. 04-08-00936-CV, 2010
WL 1491644, at *2 (Tex. App.—San Antonio, Apr. 14, 2010, no pet.) (mem. op.)
(citing Dir., State Emps. Workers’ Comp.
Div. v. Evans, 889 S.W.2d 266, 269 (Tex. 1994)).

MicroCheck argues here that May’s
uncontroverted explanation about why she did not attend docket call
demonstrates that it was due to accident or mistake, rather than conscious
indifference.  “Because Appellant’s
counsel reasonably explained the failure to appear in this case and because
there was no evidence that her failure was intentional or the result of
conscious indifference,” MicroCheck argues, “the trial court abused its
discretion when it denied the motion for reinstatement.”  

In response, Michoice contends that
the trial court’s refusal to reinstate was within the court’s discretion
because the court was “presented with conflicting evidence regarding the
explanation for the party’s absence.”  In
support, it notes the conflict between Hubbard’s representation—in the first
motion to reinstate—that MicroCheck did not know about the docket call, and the
representations by May and MicroCheck during the hearing that MicroCheck did
know about the docket call.  Michoice
also points to Hubbard’s “implying” in the first motion to reinstate that he
did not attend the docket call because he was working on MicroCheck’s mandamus
petition as contradicting the testimony of MicroCheck’s representative at the
hearing that Hubble did not know about the hearing.  Michoice thus argues that “[a]s a result of
the conflicting evidence MicroCheck advanced to the trial court through their
new attorney, the trial court did not abuse its discretion in denying
Appellants’ Motions to Reinstate.” 

We disagree and reverse the trial
court’s dismissal of MicroCheck’s claims. 
While the trial court has discretion in ruling on a motion to reinstate,
it abuses that discretion if it does not properly consider the standard set
forth in rule 165a requiring reinstatement if a failure to appear is not
intentional or the result of conscious indifference.  Brown,
820 S.W.2d at 903.  Scarlett May, MicroCheck’s
attorney of record, provided uncontroverted testimony that her failure to
appear was not the result of conscious indifference, but was due to her
mistaken belief that she had been replaced by Hubbard as counsel of record.  

The evidentiary contradictions that
Michoice points to do not controvert May’s explanation for her failure to
appear.  The two cases that Michoice
cites for the proposition that a trial court does not abuse its discretion in
denying a motion to dismiss when presented with conflicting testimony are
distinguishable on that ground.  See Johnson v. Hawkins, 255 S.W.3d 394,
398-99 (Tex. App.—Dallas 2008, pet. denied) (lawyer relied on prior judge’s
policy only requiring lawyers on top four cases on trial docket to appear in
person, but trial coordinator testified that she told lawyer on phone that he
needed to appear for docket call in person); Nawas v. R & S Vending, 920 S.W.2d 734, 736-38 (Tex
App.—Houston [1st Dist.] 1996, no pet.) (lawyer failed to appear at two hearing
and a trial setting because he was ill, but left for international vacation
during time he was allegedly too sick to attend hearing).

MicroCheck’s lawyer of record,
Scarlett May, may not have been as “conscientious as [s]he should have been” in
not following up on the status of the motion to substitute, and MicroCheck’s
new lawyer, Patrick Hubble, did make factual misstatements in the motion for
reinstatement about his client’s knowledge of the hearing, but neither of these
facts justify the trial court’s refusal to grant MicroCheck’s motion for
reinstatement in light of May’s uncontroverted testimony about why she missed
the hearing.  See Smith, 913 S.W.3d at 468 (admonishing that attorney’s failure
to be conscientious does not amount to conscious indifference and that
misstatements in motion might be grounds for sanctions, but not to deny motion
for reinstatement when faced with credible, uncontradicted reasons for failure
to appear).  

Nothing in the record indicates
that the trial court considered the standard under rule 165a requiring
reinstatement if a failure to appear is not intentional or the result of
conscious indifference.  The court acknowledged
at the hearing that May’s failure to appear was the result of a
“misunderstanding” and the only explanation the court gave for denying
MicroCheck’s motion to reinstate was that, “as a matter of policy, I don’t want
people missing my docket call.”  The
court abused its discretion by failing to grant MicroCheck’s motion to
reinstate.  

CONCLUSION       

We reverse and remand the trial
court’s judgment dismissing MicroCheck’s claims for want of prosecution.  We accordingly do not reach MicroCheck’s
second point of error complaining of the trial court’s entry of an agreed
interlocutory order dismissing some of MicroCheck’s claims on federal
preemption grounds.  

 

 

 

 

 

 

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.

 











[1]
          MicroCheck’s representative at
the hearing clarified that MicroCheck was aware of the hearing, but expected
May to attend, as evidenced by their contacting May the day after the docket
call to inquire what happened.  He
further testified that MicroCheck would never have intentionally have allowed
no one to show up:

 

We are not attorneys but we know that people have to come to
hearings.  There’s been—we have had counsel come
to every hearing that’s ever been held. 
We have never missed a hearing, I don’t think, even been late to one
either and would never have allowed that to occur intentionally.