**REVERSE and REMAND and Opinion Filed June 26, 2024**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00607-CV

### DEBORAH MOODY AND LINDA DANIELS, Appellants
### V.
### RONOEQUIS TINNON, INDIVIDUALLY
### AND BLITZ EXPRESS, LLC, Appellees

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-08024**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Miskel, and Justice Breedlove
Opinion by Justice Breedlove

Appellants Deborah Moody and Linda Daniels sued appellees Ronoequis Tinnon and Blitz Express, LLC for damages arising from a vehicle collision. The trial court dismissed the case on the ground that Moody and Daniels violated a court order to pay attorney's fees. Moody and Daniels now appeal the trial court's dismissal order, alleging in three issues that the trial court erred by imposing sanctions and by conditioning reinstatement of the case on payment of appellees' attorney's fees and costs. Because the trial court's dismissal was premised on

appellants' failure to pay an amount of attorney's fees for which there was no evidence, we reverse and remand.

## BACKGROUND

On March 29, 2018, appellee Ronoequis Tinnon was driving a tractor-trailer in the course and scope of his employment with appellee Blitz Express, LLC when he rear-ended appellant Deborah Moody's car. Moody was driving and appellant Linda Daniels was a passenger. On June 23, 2019, Moody and Daniels brought suit against Tinnon and Blitz Express (together, "Blitz") for injuries they sustained in the collision.

The trial court dismissed the case for want of prosecution on January 10, 2023. The dismissal order recited that the case was set for trial on January 10, 2023, but plaintiffs failed to announce or appear.

Moody filed a verified motion to reinstate,[1] alleging that her counsel's failure to appear was the result of mistake or accident and was not intentional or the result of conscious indifference. In her motion, Moody explained that her counsel's delayed arrival at the courthouse for trial was the result of "a family emergency involving mental health" the night of January 8 that disrupted his travel plans for the

---

[1] The motion recites that Daniels is deceased. The appellate record does not include a suggestion of death or an application for writ of scire facias, however. *See* TEX. R. CIV. P. 151 (Death of Plaintiff); *Gracey v. West*, 422 S.W.2d 913, 917 (Tex. 1968) (discussing application of rule 151). No party argues that Daniels's death affects our disposition of this appeal. Appellants' brief lists both Moody and Daniels as appellants, represented by the same counsel. For brevity, all references to Moody in this opinion include Daniels.

following evening. The motion detailed the emergency, the travel plans, and counsel's efforts to contact the court about his late arrival.

The trial court set aside its dismissal order and reinstated the case after a hearing on March 15, 2023. At the hearing, Moody's counsel explained why he arrived late to trial. Blitz's counsel urged in response that the explanation was insufficient to negate conscious indifference. The court then stated, "I'm not sure I agree with you under the circumstances," but then asked Blitz's counsel how much his client had incurred in expenses and fees in preparing for the trial that day. Counsel responded that he could not "provide [the court] an exact amount right now." The court asked counsel to "do that calculation now," explaining, "It's this Court's intention to reinstate the case conditioned upon the prior payment/reimbursement of Defendant for its costs."

After a brief adjournment, the trial court again asked Blitz's counsel for his clients' expenses in preparing for trial. Counsel stated that "up to today," "that number is [$]51,337," but he could not provide an amount in response to the court's request for "what is going to have to be done twice because the Plaintiffs' counsel was unavailable at the last setting." The court refused counsel's offer to provide the amount by letter brief, stating, "I don't want a letter brief. All I want to know is what you have to pay—what your client is going to have a pay a second time." Counsel stated that could be done "within an hour." The court then instructed counsel to

confer, and if the amount was agreed, to submit a proposed order, or if not, to contact the court.

Two days later, the trial court signed an order granting Moody's motion to reinstate. The reinstatement order included a paragraph requiring Moody to pay costs of $9,157.49 and attorney's fees of $25,150 "incurred by Defendants for the preparation of trial, for a total amount of $34,307.49," to be paid in thirty days.[2] There is nothing in the record showing the source of these amounts or how they were calculated, but there is also no objection to them.

On April 4, 2023, the trial court set the case for jury trial in May. On April 19, 2023, however, Blitz filed a "Motion to Dismiss for Violation of Court Order." Alleging that the trial court's March 17 order required payment of $34,307.49 by April 16, 2023, but no payment or arrangements to pay had been made, Blitz requested dismissal of the case. Blitz did not request a hearing on this motion, and none was held.

On April 25, 2023, the trial court signed an "Order Granting Motion to Dismiss for Violation of Court Order." The order provided:

> ON THIS DAY CAME TO BE CONSIDERED, Defendants Motion to Dismiss this Cause for Violation of this Court's March 17, 2023 Order. After reviewing the Motion, any timely responses thereto, and the arguments of counsel, this Court finds that the Motion should be GRANTED.

---

[2] The order stated that Moody was to pay "on or before Mar. 16, 2023," but because the order was signed on March 17, 2023, the record reflects that all parties understood the date for payment to be *April 16, 2023.*

–4–

The Court hereby ORDERS that the above cause is Dismissed for Violation of this Court's March 17, 2023 Order, which reinstated this cause. Therefore, the above cause is dismissed as to all Defendants, with costs taxed against Plaintiff(s).

Moody filed a motion for new trial that the trial court heard on June 8, 2023. Moody's counsel argued the trial court abused its discretion by ordering payment of fees as a condition of reinstatement. Blitz's counsel replied that Moody never "made any objection to the imposition of fees or costs," and argued that Moody made "a complete waiver" of her contention that the court's order was improper. Moody's counsel also argued that the sanctions were imposed without due process, but the trial court responded that due process had been "satisfied by the entry—by the requirement of notice, setting a hearing, and given an opportunity to be heard, all of which were had in this case." No evidence to support the amount of attorney's fees awarded was proffered or heard, however. The trial court denied Moody's motion for new trial at the hearing and by written order on June 12, 2023. This appeal followed.

## DISCUSSION

In three issues, Moody contends (1) the trial court abused its discretion by conditioning reinstatement of the case upon payment of costs and fees,[3] (2) the trial

---

[3] Moody relies on this Court's opinion in *Price v. Firestone Tire & Rubber Co.*, 700 S.W.2d 730 (Tex. App.—Dallas 1985, no writ), to support her argument that "reinstatement after dismissal pursuant to Texas Rule of Civil Procedure 165a cannot be conditional." She argues that the trial court's March 17, 2023 order impermissibly conditioned reinstatement of the case on payment of fees. Given our conclusion that the fee award was not supported by evidence, we need not address this contention. *See* TEX. R. APP. P. 47.1 (court of appeals must address every issue "necessary to final disposition of appeal").

–5–

court erred by imposing sanctions "when evidence demonstrated that the alleged sanctionable conduct was not committed in bad faith," and (3) the trial court erred "by imposing what were effectively death penalty sanctions."

A trial court's imposition of sanctions is reviewed for abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). An assessment of sanctions will be reversed only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Id.* The trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2010). But a trial court abuses its discretion by ruling without supporting evidence. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012).

Here, the trial court granted Blitz's motion to dismiss the case for violation of its March 17, 2023 order to pay fees. Blitz bore the burden, however, of proffering evidence to support its claim for attorney's fees. *See CHRISTUS Health Gulf Coast v. Carswell*, 505 S.W.3d 528, 540 (Tex. 2016) ("When a party seeks attorney's fees as sanctions, the burden is on that party to put forth some affirmative evidence of attorney's fees incurred and how those fees resulted from the sanctionable conduct."). "Before a court may exercise its discretion to shift attorney's fees as a sanction, there must be some evidence of reasonableness because without such proof a trial court cannot determine that the sanction is no more severe than necessary to fairly compensate the prevailing party." *Nath v. Tex. Children's Hosp.*, 576 S.W.3d

707, 709 (Tex. 2019) (internal quotation omitted). In *Nath*, the supreme court also cautioned that the standard for fee-shifting awards in *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 492, 498 (Tex. 2019), "likewise applies to fee-shifting sanctions." *Id.* at 709–10. Accordingly, the court reversed judgment affirming the sanctions award and remanded the case to the trial court for further proceedings "in light of *Rorhmoos*." *Id.* at 710. Similarly here, Blitz did not offer any evidence to support the amount of attorney's fees awarded, and accordingly did not meet the standard of proof set forth in *Rohrmoos*. *See id.* (affidavits that "merely reference[d] the fees without substantiating either the reasonable hours worked or the reasonable hourly rate" were insufficient under *Rohrmoos*).

Blitz argues that Moody did not preserve any complaint about the propriety or amount of the sanctions because she did not object to the March 17, 2023 order and did not respond to Blitz's motion to dismiss. But in a civil nonjury case, "a complaint regarding the legal or factual insufficiency of the evidence—including a complaint that the damages found by the court are excessive or inadequate"—may be made for the first time on appeal. TEX. R. APP. P. 33.1(d). On appeal, Moody argues that the trial court erred by imposing sanctions when there was no evidence of bad faith. She further contends that Blitz did not submit "any evidence supporting what the amount of fees and costs should be." And in her motion for new trial, Moody argued that the trial court signed its dismissal order "before Defendants even

filed and served a proper notice of hearing." We conclude Moody preserved her complaints for appellate review. *See id.*

Blitz argues on appeal that "appellants and their counsel demonstrated a pattern of dilatory and meritless conduct," but there is nothing in the record to indicate that the trial court considered these matters when dismissing Moody's claims. Blitz's motion to dismiss was premised solely on Moody's failure to pay the $30,307.49 in attorney's fees required under the March 17, 2023 order reinstating the case. Similarly, the court's April 25, 2023 order provides only that "the above cause is Dismissed for Violation of this Court's March 17, 2023 Order, which reinstated this cause."

Blitz also argues that the trial court had inherent authority to impose sanctions without a showing of bad faith, citing *Koslow's v. Mackie*, 796 S.W.2d 700, 704 (Tex. 1990), and civil procedure rule 166. In *Koslow's*, the court held that "striking pleadings and rendering default judgment were sanctions available to the trial court for the failure to engage in an attorney or party conference and failure to submit a joint pretrial status report, as ordered by the court." *Id.*; *see also* Tex. R. Civ. P. 166 (court may order appearance by parties and counsel at pretrial conference).

The court in *Koslow's* made equally clear, however, that "[i]t is an abuse of discretion for the trial court to impose sanctions when the defaulting party has had inadequate notice or no notice of the sanctions hearing." *Koslow's*, 796 S.W.2d at 704. In *Koslow's*, the court upheld the trial court's sanctions because the defaulting

–8–

party did not establish its lack of notice, and the trial court heard evidence to support a finding of willful disobedience or conscious indifference by the sanctioned parties. *Id.* In contrast to *Koslow's*, there was no hearing before this case was dismissed. And at the hearing on Moody's motion for new trial, no evidence was proffered or admitted, either of Moody's dilatory conduct or to support the amount of attorney's fees awarded.

Because the evidence supporting the attorney's fees awarded was legally insufficient and because there was no hearing before the court granted Blitz's motion to dismiss, we conclude the trial court erred by dismissing the case. *See Ford Motor Co.*, 363 S.W.3d at 578 (trial court abuses its discretion by ruling without supporting evidence).

### CONCLUSION

We reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

230607F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

DEBORAH MOODY AND LINDA
DANIELS, Appellants

No. 05-23-00607-CV          V.

RONOEQUIS TINNON,
INDIVIDUALLY AND BLITZ
EXPRESS, LLC, Appellees

On Appeal from the 14th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-08024.
Opinion delivered by Justice
Breedlove. Chief Justice Burns and
Justice Miskel participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with the Court's opinion.

It is **ORDERED** that appellants Deborah Moody and Linda Daniels recover their costs of this appeal from appellees Ronoequis Tinnon, individually and Blitz Express, LLC.

Judgment entered June 26, 2024