Annette WYATT, Appellant,

v.

TEXAS OKLAHOMA EXPRESS, INC.
and State Farm County Mutual Insurance Company of America, Appellees.

No. 05–84–01022–CV.

Court of Appeals of Texas,
Dallas.

June 7, 1985.

Huey P. Mitchell, Fort Worth, for appellant.

Bruce S. Sostek, Thompson & Knight, Charles M. Bradshaw, Dallas, for appellees.

Before GUITTARD, C.J., and CARVER and STOREY[1], JJ.

STOREY, Justice (Sitting by Designation).

This is an appeal from an order dismissing this cause for want of prosecution and an order denying a motion to reinstate. Annette Wyatt's position, asserted in three interrelated points of error, is that the trial court abused its discretion in dismissing this cause for want of prosecution and in not granting the motion to reinstate. We agree that the trial court erred in not granting the motion to reinstate and, thus, reverse the judgment of the trial court and remand the cause for trial.

**1.** Justice Charles H. Storey, formerly of the Court of Appeals, Fifth Supreme Judicial District, sitting by designation.

The law applicable to the case is well settled. The trial court has the right to dismiss a suit for failure to prosecute it with due diligence, and this is a matter which rests in the sound discretion of the trial court. It is not an unbridled discretion, however, but a judicial discretion subject to review. Upon review, the question is whether there was a clear abuse of discretion by the trial court—a question of law. *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85, 87 (Tex.1957); *Gaebler v. Harris,* 625 S.W.2d 5, 7 (Tex.App.—San Antonio 1981, no writ); *Frank v. Canavati,* 612 S.W.2d 221, 222 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.). Likewise, an application for reinstatement is addressed to the sound discretion of the trial court, and its actions will not be disturbed in the absence of a showing of abuse. *Buchanan v. Masood,* 631 S.W.2d 219, 221–22 (Tex. App.—Amarillo 1982, no writ); *Wm. T. Jarvis Co., Inc. v. Wes-Tex Grain Co.,* 548 S.W.2d 775, 778 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.).

The relevant facts of this case are undisputed. Wyatt's suit was filed April 29, 1982. Other than responding to the first set of interrogatories of appellee Texas Oklahoma Express 45 days late, Wyatt took no action in this case until May 20, 1983, when all parties attended a pre-trial conference. At the conference, the case was set for non-jury trial on July 11, 1983. On July 11, 1983, Wyatt moved for a jury trial and the trial was reset to June 11, 1984. On June 11, 1984, Wyatt filed a motion for substitution of counsel and a motion for continuance. There was some dispute as to when Wyatt's new counsel was actually retained. New counsel did not attend the hearing on the motions, but sent a substitute attorney instead. The motion to substitute was granted, but the motion for continuance was denied. Trial began on June 18, 1984. At that time, Wyatt filed two untimely motions which

were both denied by the trial court. At the end of the first day of trial, the trial court advised the parties that trial would resume the next day at 9:00 a.m. Wyatt was present in the courtroom at 9:00 a.m., but her counsel was not. At approximately 9:25 a.m., when Wyatt's counsel had still not appeared, the trial court dismissed the case for want of prosecution. Soon after, Wyatt's counsel appeared and stated that his delay was due to heavy traffic in the route from his office in Fort Worth to the court in Dallas.

■ The question now before this court is whether, based on these undisputed facts, the trial court, having dismissed the suit, erred in refusing to reinstate it under rule 165a of the Texas Rules of Civil Procedure. That rule provides:

> The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

Rule 165a was adopted by the supreme court in 1973 to ameliorate the effect of a trial court's dismissal of actions for neglect and non-action. *Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex.1980).

■ The parties to this appeal have cited cases which encompass a broad range of results *i.e.*, some cases holding that the trial court abused its discretion and others holding that the trial court did not abuse its discretion in refusing to reinstate a case. In resolving the question now before us, we recognize that, generally, the trial court is entitled to consider the entire history of the case and that the plaintiff's assertion at dismissal that she did not intend to abandon the case is immaterial. *Moore v. Armour & Co., Inc.*, 660 S.W.2d 577, 578 (Tex. Civ.App.—Amarillo 1983, no writ). However, when, as here, the plaintiff's past inactions have been forgiven by the trial court's proceeding to trial without dismissing the case because of those transgressions, a different circumstance is presented. *See Wm. T. Jarvis Co., Inc.*, 548

S.W.2d at 778 ("Thereafter the case lay dormant for two years and five months.... However, from this point forward, Plaintiffs became active again...."). Here, the failure of plaintiff's counsel to timely appear in court on the second day of trial, when plaintiff herself timely appeared in court and was ready to proceed at 9:00 a.m., does not justify a refusal to reinstate plaintiff's case. Regardless of what may have transpired before in this case, the failure of counsel in this instance should not be charged against his client. We do not question the trial court's finding that the failure of plaintiff's counsel to timely appear was the result of conscious indifference. We are of the opinion, however, that the trial court abused its discretion in punishing counsel's indifference by refusing to reinstate this cause rather than imposing some sanction on the offender—plaintiff's counsel. Thus, we hold that the refusal to reinstate a case dismissed when the plaintiff herself is present in court and ready to proceed constitutes an abuse of discretion. We limit our holding to the facts of this case because it is based on our concern that where inequity results and other sanctions are available the failings of counsel should not be attributed to his client.

Our holding does not tie the trial court's hands—it has other options, including sanctions against counsel in the form of a fine, contempt, or proceeding without him. For these reasons, we reverse the trial court's order denying the motion to reinstate and remand this cause for trial.

■ Wyatt has argued that we should allow her to supplement her pleadings and discovery to account for what has occurred between the time that this case was dismissed and the time it is reinstated. There is no authority and no equitable grounds to justify such a position. The harm to appellees if such a position were adopted is evident, and there is no reason why the dereliction of plaintiff's counsel should work to her advantage any more than it should work to her disadvantage. In reviewing an order of dismissal and a subsequent refusal to reinstate, this Court

is concerned only with correcting the offending act if abusive, and putting the parties back in the position that they would have been had there been no dismissal. For obvious reasons, the trial court cannot proceed exactly where the case left off, that is, in the second day of trial, but it may begin trial again with the pleadings and discovery that were on file on June 18, 1984.

Reversed and remanded.