**Chris BROWN d/b/a Memorial Executive Suites, Appellant,**

v.

**HOWETH INVESTMENTS, INC. and A.J. (Jack) Howeth, Appellees.**

**No. 01–90–00771–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 21, 1991.

Rehearing Denied Dec. 19, 1991.

William F. Harmeyer, Houston, for appellant.

Steven E. Halpin, Houston, for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

**OPINION**

O'CONNOR, Justice.

This Court is asked whether a trial court abused its discretion when it refused to reinstate a suit dismissed for want of prosecution. We find that it did, and reverse.

On December 31, 1987, Chris Brown, individually and d/b/a Memorial Executive Suites, the plaintiff, filed a suit against Howeth Investments, Inc. and A.J. (Jack) Howeth, the defendants. In November of 1989, the plaintiff sought new counsel, due to his "extreme disappointment" with his first lawyer's inaction on his suit. On March 5, 1990, the plaintiff filed notice of substitution of counsel. Sometime in the same week, the district clerk's office mailed the plaintiff a notice of intent to dismiss. Although a copy of the notice to dismiss is not in the record, the plaintiff contends that the notice was presumably sent to his first lawyer. On May 3, 1990, the plaintiff's suit was dismissed for want of prosecution. On May 14, 1990, the plaintiff learned his case had been dismissed. On May 23, 1990, the plaintiff filed his motion to reinstate on the grounds that he did not receive the notice of intent to dismiss, and he had hired a new lawyer to prosecute the suit. Without oral hearing, the trial court denied the plaintiff's motion on June 5, 1990.

In points of error one and two, the plaintiff contends the trial court erred in denying his motion to reinstate. We must look at this case through two standards: The standard the trial court should have applied when it decided not to reinstate, and the standard we must apply to evaluate the trial court's decision.

**1. Activity in the case**

The following is a chronology of the events in this case:

12–23–87 Plaintiff filed suit

12–31–87 Plaintiff filed first supplemental petition, requesting injunction

1–5–88 Hearing on the injunction; no ancillary relief granted

5–17–88 Plaintiff's counsel (Crowder) sent letter to defense counsel with notices to take deposition of defendants for 6–2–88

5–23–88 Defense counsel responds that he has filed vacation letter and depositions must be rescheduled

7–7–88 Plaintiff's counsel (Crowder) sent letter and request for production to defense counsel

7–25–88 Plaintiff's counsel (Crowder) sent letter scheduling depositions of plaintiff

NO ACTIVITY IN THE CASE FROM THIS POINT UNTIL CASE TRANSFERRED

11–30–89 The plaintiff consulted Harmeyer about hiring him on this suit because his own attorney, Crowder, had not prosecuted the suit, had not proceeded with discovery as he had been requested, and had not responded to plaintiff's attempts to get a status and progress report on the case

11–30–89 Harmeyer attempted to contact Crowder by telephone, but the calls were not returned

12–1–89 Harmeyer wrote to Crowder requesting transfer of files and substitution of counsel

12–11–89 Harmeyer wrote to Crowder, asking him to return telephone call and enclosing a copy of the 12–1–89 letter

1–16–90 Fax transmission of letter from Crowder to Harmeyer stating that files are ready to be picked up when plaintiff makes final payment on the bill; also, enclosing notice of substitution of counsel

1–30–90 Files were transferred from Crowder to Harmeyer

2–13–90 Letter from Harmeyer to Crowder, asking for original of substitution of counsel

3–1–90 Harmeyer receives the original of substitution of counsel from Crowder

3-1-90  Court mails notice of intent to dismiss to Crowder; neither plaintiff nor Harmeyer receive notice of intent to dismiss

3-2-90  Harmeyer mails original substitution of counsel to the court

3-5 to 3-9-90  District Clerk mails notice of intent to dismiss to original attorney

3-5-90  Court receives substitution of counsel

5-3-90  Court dismisses suit

5-14-90  Harmeyer learns of dismissal

## 2.  The conflicting affidavits

The plaintiff's motion to reinstate, which was verified, stated most of the facts outlined above.  In addition, the plaintiff's motion to reinstate relates that when the file was transferred to Harmeyer, he reviewed the pleadings, performed legal research, rendered a five-page opinion letter to the plaintiff, reviewed the documents submitted by the plaintiff, held an extended conference with the plaintiff, and was in the process of preparing a discovery request when he learned that the case had been dismissed.

The defendants opposed the plaintiff's motion to reinstate, alleging the following: the plaintiff and Harmeyer, his new lawyer, did not file the motion to substitute for three months, from December to February 1988; there had been no activity in the case for two years before; the plaintiff intentionally abandoned the suit because he received all the relief he was entitled to in the agreement.

In response to the defendants' opposition, the plaintiff contends that the time from his first lawyer's discovery attempts to the time he contacted his present counsel, as included in the chronological list above, reduces the period of inactivity from two years as claimed by the defendants, to 16 months.  The plaintiff also explained why it took three months to file the notice of substitution, as set out above.  The plaintiff also denied that he had abandoned his suit.

## 3.  The trial court's standard

■ The standard the trial court must apply in reviewing motions to reinstate is set out in TEX.R.CIV.P. 165a, which provides

The court *shall* reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

(Emphasis added.)  Rule 165a mandates reinstatement if the court finds that the failure of the party or his attorney was not intentional or the result of conscious indifference.  *See, e.g., Wyatt v. Texas Oklahoma Express, Inc.*, 693 S.W.2d 731, 733 (Tex.App.—Dallas 1985, no writ).  The court's order refusing to reinstate the plaintiff's suit makes no statement regarding fault, but simply states that the court considered the motion to reinstate and denied it.

■ Nothing in this record suggests the plaintiff intentionally ignored the suit or he intentionally failed to respond to the notice of intent to dismiss.  Not even the defendants suggest that the plaintiff intentionally ignored the suit or intentionally failed to respond to the notice of intent to dismiss.  The very reason the plaintiff was hiring a new lawyer was that his first lawyer had not prosecuted the suit.  The reason the plaintiff did not respond to the notice of intent to dismiss was the plaintiff's substitution of counsel, which arrived at the clerk's office just after the clerk mailed the notice of intent to dismiss to the first lawyer.  The period of inactivity was 16 months, not two years, as the defendants claim.

The lack of prosecution of the suit and the failure to respond to the notice of intent to dismiss cannot in this case be attributed to the plaintiff.  Having found a new lawyer to prosecute the suit, and responded to the same concern as the trial court, the plaintiff should not be precluded from reaching the merits of his suit because of the unfortunate timing of the notice to substitute.

The defendants argue that the plaintiff intentionally abandoned the suit. The plaintiff's intent to abandon the suit is not the test to determine whether dismissal for want of prosecution was proper; the test was whether plaintiff prosecuted case with due diligence. *Phillips v. Welch,* 749 S.W.2d 286, 288 (Tex.App.—Fort Worth 1988, no writ) (dismissal affirmed because plaintiff offered no explanation for failure to appear at hearing or failure to prosecute); *Texas Resources, Inc. v. Diamond Shamrock Corp.,* 584 S.W.2d 522, 524 (Tex. App.—Beaumont 1979, no writ) (dismissal affirmed because defendant not served with citation even though case on file for eight years).

**4. The appellate standard**

 The standard we apply to review the trial court's refusal to reinstate is whether the trial court abused its discretion. *Armentrout v. Murdock,* 779 S.W.2d 119 (Tex.App.—Houston [1st Dist.] 1989, no writ); *Mercure Co. v. Rowland,* 715 S.W.2d 677, 680 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). In exercising its discretion, the trial court may consider the entire history of the cause. *Armentrout,* 779 S.W.2d at 120. That is, we must ask if the trial court properly weighed the considerations of rule 165a: Was the failure to prosecute the suit intentional or the result of conscious indifference, or was it due to an accident or mistake or otherwise reasonably explained. If the trial court did not properly consider that standard, we must find that it abused its discretion.

The plaintiff argues that equity dictates reinstatement and refers us to *Wyatt.* In *Wyatt,* the court reversed the trial court's dismissal and refusal to reinstate, holding that the failings of counsel should not be attributed to the client. *Wyatt,* 693 S.W.2d at 733. The counsel's failure in *Wyatt* was that plaintiff's counsel arrived about a half hour late on the second day of trial. *Id.* at 732.

At first blush, the case before us seems distinguishable from Wyatt because the plaintiff's lawsuit in this case was dismissed after 16 months of inactivity, not a mere 30–minute lapse. Yet, if we examine the plaintiff's response to the inactivity in his case, we can hardly blame the plaintiff for his lawyer's default. Here, the plaintiff realized the case was not being prosecuted and took steps to secure another lawyer. The notice of intent to dismiss was sent at that critical time when new counsel was taking on a case and the clerk's office did not have the name and address of the soon-to-be new lawyer.

Both the trial court and the plaintiff had reasons to be unhappy with this case. The trial court did what it could to move the case by notifying the lawyer that the case would be dismissed; the plaintiff did what he could by securing the services of a new lawyer. The trial court should not have penalized the plaintiff by refusing to reinstate when the plaintiff filed a motion to reinstate telling the court that he, too, found the lack of prosecution unacceptable and took steps to cure it. The trial court should have reinstated the case when presented with the plaintiff's motion to reinstate.

We sustain points of error one and two. We do not find it necessary to reach point of error three.