TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-07-00574-CV




Chris Rad, Appellant

v.

Duncan Black, Appellee




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-GN-01-004003, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING


 
M E M O R A N D U M O P I N I O N

                        On December 4, 2001, Chris Rad brought suit against Duncan Black, alleging
common-law fraud. On January 31, 2007, the trial court dismissed Rad’s suit for want of
prosecution. Rad filed a motion to reinstate the case, which the trial court denied after holding a
hearing. Rad appeals, arguing that the trial court abused its discretion in denying his motion to
reinstate, and that he was deprived of due process because he did not receive notice or the
opportunity for a hearing prior to his suit being dismissed for want of prosecution.
                        Because we have determined that the trial court did not abuse its discretion in denying
Rad’s motion to reinstate and that Rad was not deprived of due process, we affirm the dismissal.
                                                            
BACKGROUND
                        Rad brought suit against Black in December 2001, alleging common-law fraud in
relation to the formation of Findmycity.com, a corporation in which both Rad and Black were
investors. In March 2002, Black filed his original answer, and on May 21, 2002, the parties filed a
Rule 11 agreement regarding discovery issues.


 No other activity is reflected on the trial court’s
docket until January 26, 2006, when Rad filed a motion to substitute counsel. 
                        In June 2007, Rad received notice that his case had been dismissed for want of
prosecution on January 31, 2007, and that the order of dismissal had been filed on April 17, 2007. 
Rad contends that his substituted counsel did not receive notice of the trial court’s intent to dismiss
prior to the dismissal, and further states that “it is unknown whether it was sent to original counsel,
to whom it was sent, or if it was sent at all.” Rad filed a motion to reinstate on June 20, 2007, and
a second motion to substitute counsel on September 11, 2007.


 A hearing was held on
September 12, 2007, in which the trial court granted Rad’s second motion to substitute counsel and
denied his motion to reinstate. The chronology of relevant events is as follows:

12/04/2001 - Rad files original petition
03/25/2002 - Black files original answer
05/21/2002 - Parties file Rule 11 agreement regarding discovery
01/26/2006 - Rad files first motion to substitute counsel
01/08/2007 - Notice sent to parties stating that case is subject to dismissal for want of prosecution



01/31/2007 - Case dismissed for want of prosecution
04/17/2007 - Order of dismissal filed
05/31/2007 - Notice of dismissal is mailed to the parties, stating case was dismissed on 1/31/2007
06/20/2007 - Rad files motion to reinstate
09/11/2007 - Rad files second motion to substitute counsel and requests reinstatement hearing
09/12/2007 - After hearing, trial court grants motion to substitute and denies motion to reinstate
10/11/2007 - Rad files notice of appeal

                        Rad also claims that on June 1, 2007, his first substituted counsel set the case for trial
to be heard on October 22, 2007. Black, on the other hand, contends that he never received notice
of any trial setting and that his counsel was never contacted regarding trial dates. Furthermore, the
trial court found, in Finding of Fact 17, that “[a]lthough the case had been filed in December 2001,
the case was never set on the trial docket.” In Tab 5 of the appendix to his brief, Rad has included
documents that he describes as a “History of Settings for Cause,” purporting to show that the case
was set for trial on October 22, 2007. However, the documents found at Tab 5 were not included
in the trial court’s record and therefore cannot be considered by this Court on appeal. See
Quorum Int’l v. Tarrant Appraisal Dist., 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003,
pet. denied) (stating that appellate court cannot look outside trial court’s record in effort to
discover relevant facts). 
                        Rad now appeals the order of dismissal, arguing that the trial court erred in refusing
to reinstate his case, and that he was deprived of due process because he did not receive notice and
an opportunity for a hearing prior to the case being dismissed. 
 
STANDARD OF REVIEW
                        The decision to dismiss a case for want of prosecution rests within the sound
discretion of the trial court, and can be disturbed on appeal only if it amounted to a clear abuse of
discretion. See State v. Rotello, 671 S.W.2d 507, 509 (Tex. 1984); Bevil v. Johnson, 307 S.W.2d 85,
87 (Tex. 1957). The same standard is applied in reviewing a denial of a motion to reinstate. 
Franklin v. Sherman Indep. Sch. Dist., 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied). 
A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or without
reference to any guiding rules and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985). “The mere fact that a trial judge may decide a matter within his
discretionary authority in a different manner than an appellate judge in a similar circumstance does
not demonstrate that an abuse of discretion has occurred.” Id. at 242.
 
DISCUSSION
                        Before reaching the merits of this appeal, we must consider Black’s motion to strike
and/or disregard portions of Rad’s brief. Black contends that Rad’s brief fails to meet the standards
of the Texas Rules of Appellate Procedure, due to the lack of record references in the statement of
facts, and what Black describes as a failure to cite to the record “in an accurate or defensible
manner.” See Tex. R. App. P. 38.1. After Black’s motion to strike was filed in this Court, Rad was
granted leave to file an amended appellant’s brief, which included additional record references in
the statement of facts. In light of Rad’s amended brief, the motion to strike is denied. However,
Black may rest assured that this Court has carefully reviewed the record in this cause and, as
previously noted, will not consider any facts or documents that were not included in the trial
court’s record.

Motion to Reinstate
                        Twelve of Rad’s thirteen issues on appeal consist of challenges to various findings
of fact and conclusions of law, each of which is based on his argument that the trial court erred in
denying his motion to reinstate. 
                        In Rad’s first issue, he argues that the trial court abused its discretion in determining
that the evidence he presented at the hearing on his motion to reinstate was insufficient to warrant
reinstatement.


 A trial court is compelled to reinstate a case “upon finding after a hearing that the
failure of the party or his attorney was not intentional or the result of conscious indifference but was
due to an accident or mistake or that the failure has been otherwise reasonably explained.” Tex. R.
App. P. 165a(3). In order to determine whether the trial court abused its discretion in refusing
reinstatement, we review the entire record and determine whether the evidence was sufficient to find
that the failure of the party was not due to accident, mistake, or other reasonable explanation. See
Texas Dep’t of Pub. Safety v. Deck, 954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no writ). 
Significantly, the record on appeal does not include a reporter’s record of the hearing on Rad’s
motion to reinstate. A reporter’s record is not a required element of the appellate record if it is
unnecessary to the appeal. See Tex. R. App. P. 34.1. However, the trial court’s order states that, in
denying the motion to reinstate, it considered “the foregoing motions, pleadings, official records on
file in this cause and the evidence.” In the absence of a reporter’s record, we must presume that the
evidence presented at the hearing supports the trial court’s judgment. See Deck, 954 S.W.2d at 112
(“Absent a statement of facts or other record from the [reinstatement] hearing . . . it is presumed that
the trial judge reviewed and found all necessary facts to support the order.”); Land v. AT&S Transp.,
Inc., 947 S.W.2d 665, 668 (Tex. App.—Austin 1997, no writ) (where appellant did not provide
entire record from trial, appellate court “must presume the omitted evidence supports the judgment”).
                        In addition to any evidence presented by the parties at the reinstatement hearing, the
trial judge had evidence before it that there had been no filings in the case for a span of three years
and eight months—from the May 2002 filing of the parties’ Rule 11 agreement to the January 2006
motion to substitute counsel. The court had further evidence that after the January 2006 motion to
substitute counsel was filed, there were no filings or other activities on the case until one year later,
when the suit was added to the dismissal docket in January 2007. The trial court also reviewed
Rad’s motion to reinstate, which primarily attributed the lack of activity on the case to the heavy
workload of Rad’s first substituted counsel, leaving no explanation for the lengthy span of inactivity
that occurred prior to the first substituted counsel’s involvement in January 2006. 
                        An unexplained and unreasonable delay in activity in prosecuting a case creates a
presumption of abandonment. See Hosey v. County of Victoria, 832 S.W.2d 701, 704
(Tex. App.—Corpus Christi 1992, no writ). The time standards promulgated by the Texas Supreme
Court, which call for jury cases to be disposed of within eighteen months, provide a prima facie
standard for what constitutes an unreasonable delay. See id.; Tex. R. Jud. Admin. 6(b)(1). Given
the record before us, we cannot conclude that the trial court abused its discretion in determining that
Rad’s evidence was insufficient to warrant reinstatement. Rad’s first issue is overruled.
                        In Rad’s second issue, he contends that the trial court erred in determining that his
failure to prosecute the case was intentional or the result of conscious indifference, rather than
accident or mistake.


 Relying primarily on Brown v. Howeth Investments, Inc., 820 S.W.2d 900
(Tex. App.—Houston [1st Dist.] 1991, writ denied), and Wyatt v. Texas Oklahoma Express, Inc.,
693 S.W.2d 731 (Tex. App.—Dallas 1985, no writ.), Rad asserts that he should not be held
responsible for the actions of his attorneys in failing to move the case forward, and that by filing two
motions to substitute counsel, he exhibited a deliberate intention to prosecute the case, rather than
conscious indifference. 
                        In reviewing the content and timing of Rad’s motions to substitute counsel, we note
that at the time his first motion to substitute was filed, the period of inactivity on the case had
exceeded three years and eight months. In addition, the motion specifically states, “Plaintiff RAD
expresses deepest gratitude and complete satisfaction for the work that [original attorney] has so far
done.” This statement conflicts with Rad’s assertion on appeal that “after his first attorney failed to
prosecute the case, he sought other counsel due to his extreme disappointment in the way his original
attorney was handling the case even after Appellant’s urging to move forward with the case.” 
Furthermore, Rad’s second motion to substitute counsel was not filed until after Rad had received
notice that the case had been dismissed for want of prosecution. In light of the timing, Rad’s second
motion to substitute counsel may be viewed as merely an assertion that he intended to prosecute the
case, and Texas courts have held that “the plaintiff’s assertion at dismissal that []he did not intend
to abandon the case is immaterial” to a trial court’s determination of whether reinstatement is proper. 
Wyatt, 693 S.W.2d at 733.
                        The cases Rad cites in support of his contention that he should not be penalized for
the actions of his attorneys are distinguishable from the present case. The court in Wyatt held that
it was an abuse of discretion to refuse to reinstate a case that had been dismissed for want of
prosecution after counsel was approximately thirty minutes late to the second day of trial, where
plaintiff had timely appeared and was ready to proceed. 693 S.W.2d at 733. Significantly, the court
notes, “We limit our holding to the facts of this case because it is based on our concern that where
inequity results and other sanctions are available the failings of counsel should not be attributed to
his client.” Id. In the present case, however, Rad was not faced with the type of inequitable result
at issue in Wyatt, as he could have substituted counsel at any time he became dissatisfied with the
progress of his case. Far from being helpless to avoid the delay, Rad chose to wait until three years
and eight months of inactivity had passed before filing his first motion to substitute, and then wait
until the case had already been dismissed before substituting again. 
                        In Brown, the trial court reversed the trial court’s denial of a motion to reinstate,
noting that “if we examine the plaintiff’s response to the inactivity in his case, we can hardly blame
the plaintiff for his lawyer’s default.” 820 S.W.2d at 903. However, the facts of Brown also differ
from the present case in that the plaintiff in Brown consulted with new counsel after only sixteen
months of inactivity, noting that his original attorney had refused to provide him with a status and
progress report, and there was evidence in the record that the plaintiff’s original attorney had
contributed to a lengthy delay in filing a motion to substitute, despite the efforts of plaintiff’s
substituted counsel to move the case forward. Id. at 901-02. In contrast, there is no indication in
the record before us that Rad faced similar delays or frustrations with any of his attorneys, or that,
faced with a prolonged period of inactivity in his case, Rad responded with the same level of
diligence that was reflected in the facts of Brown.
                        Furthermore, Texas law generally attributes the actions of counsel to the client. See,
e.g., Glass v. Anderson, 596 S.W.2d 507, 509 (Tex. 1980) (noting that “the client is bound by the
acts or omissions of the attorney within the scope of the attorney’s authority, express, implied, or
apparent, in the accomplishment of the purpose for which he was retained”); Texas Employers Ins.
Ass’n v. Wermske, 349 S.W.2d 90, 95 (Tex. 1961) (holding that counsel “is the agent of the client,
and his action or nonaction within the scope of his employment or agency is attributable to the
client”); In re R.B., 225 S.W.3d 798, 803 (Tex. App.—Fort Worth 2007, no pet.) (“It is well settled
that the attorney-client relationship is an agency relationship; the attorney’s acts and omissions
within the scope of his or her employment are regarded as the client’s acts.”). In light of this rule
and the record on appeal in this case, we cannot say that the trial court abused its discretion in
determining that the failure to prosecute was intentional or the result of conscious indifference, rather
than accident or mistake. Rad’s second issue is overruled.
                        Rad’s third issue resembles issues one and two, in that he complains that the trial
court erred in finding that no reasonable explanation was shown for his failure to prosecute the case.


 
In addition to the arguments previously addressed, Rad contends that “the trial court could not have
found it unreasonable for Appellant to fail to respond to the Notice of Intent to Dismiss since
Appellant never received the notice.”
                        The record does not reflect where, or to whom, the notice of intent to dismiss was sent
in January 2007. In Rad’s verified motion to reinstate, his first substituted counsel stated that he did
not receive notice of the dismissal hearing. However, absent a reporter’s record, we must assume
that at the hearing on Rad’s motion to reinstate, the trial court found evidence that supported its
findings. See Deck, 954 S.W.2d at 112. Furthermore, Rad’s case was placed on the dismissal docket
in January 2007, after it had been on file for more than five years without being set for trial, and after
twelve months had passed with no filings or other activity. See Travis County (Tex.) Dist. Ct. Loc.
R. 8.1 (under Travis County local rules, cases that are eligible for dismissal for want of prosecution
include those “that have been on file for more than 18 months that are not set for trial and have had
no filings or settings within 180 days.”). Even if Rad’s first substituted counsel did not receive
notice of the dismissal hearing, this lack of notice does nothing to justify the lack of activity in the
case prior to January 2007. As a result, we cannot find that the trial court abused its discretion in
determining that there was no reasonable explanation for Rad’s failure to prosecute his case. Rad’s
third issue is overruled.
                        Rad argues in his fourth issue on appeal that the trial court erred in finding that the
case was never set on the trial docket.


 Again, where there is no reporter’s record, we must assume
that the trial court found evidence at the hearing that supported its findings. See Deck, 954 S.W.2d
at 112. In support of his argument that the evidence mandates a finding that the case was set for trial,
Rad cites to the material found in Tab E of his brief, which, as previously discussed, cannot be
considered on appeal because it is outside the trial court’s record, and his motion to reinstate, in
which his first substituted counsel claims that he had obtained a trial setting for October 22, 2007. 
Black, however, stated in his objection to Rad’s motion to reinstate that he “received no notice of
any trial setting nor had his attorney been contacted to confer concerning trial dates.” In addition,
Rad’s motion to reinstate claims that his first substituted counsel received the notice of dismissal,
postmarked May 31, 2007, “[a]t about the same time as obtaining a trial date.” We find nothing in
the record to explain how Rad’s counsel obtained a trial setting in a case that had been already
dismissed for approximately four months. For these reasons, we overrule Rad’s fourth issue.
                        In Rad’s fifth issue, he complains that the trial court used an improper standard for
reviewing his motion to reinstate, quoting Conclusion of Law 1, which states, “Plaintiff’s case was
dismissed for want of prosecution because of an unreasonable and unexcused delay between the time
of filing the case, December 2001, and the time the case was placed on the dismissal docket, January
2007.” Rad correctly notes that the standard for denying a motion to reinstate is a finding that the
failure of the party or his attorney was intentional or the result of conscious indifference, rather than
an accident or mistake, or when the failure was not otherwise reasonably explained. See Tex. R. Civ.
P. 165a(3). However, Rad misreads Conclusion of Law 1, which does not suggest that the motion
to reinstate was denied due to an unreasonable and unexcused delay between filing and dismissal,
but merely states that the case was initially dismissed for that reason. There is nothing in Conclusion
of Law 1 to suggest that the trial court improperly denied Rad’s motion to reinstate based on the
delay between filing and dismissal, rather than determining that Rad’s failure to prosecute the case
was intentional or the result of conscious indifference. Rad’s fifth issue is overruled.         
                        Rad’s seventh, eighth, and ninth issues challenge, respectively, Conclusion of Law 4,
which states, “At the hearing the Plaintiff did not show good cause for failing to prosecute the case
or for the case being maintained on the docket”; Conclusion of Law 5, which states, “After the case
was dismissed, Plaintiff’s grounds for reinstatement did not show good cause for failing to prosecute
the case or for reinstating the case”; and Conclusion of Law 7, which states, “Plaintiff’s failure to
prosecute the case by Plaintiff or his attorney was intentional or the result of conscious indifference;
it was not due to an accident or mistake, and the failure was not otherwise reasonably explained.” 
Rad’s discussion of these issues consists of a brief summary of the arguments made regarding his
first and second issues. In light of our dispositions of issues one and two, we also overrule Rad’s
seventh, eighth, and ninth issues.
                        In his tenth issue, Rad claims that the trial court erred in determining that his first
substituted counsel’s explanation in the motion to reinstate that he had been unable to devote
sufficient time to Rad’s case due to a heavy workload on other cases was not an accident or mistake
that constitutes grounds for reinstating the case.


 Rad argues that, though his counsel was handling
several other cases, his heavy workload does not indicate that he intentionally, or with conscious
indifference, failed to prosecute Rad’s case. Rad also points out that his counsel took action to
further the case, noting a demand letter that was allegedly sent to Black but does not appear in the
record and claiming that a trial setting had been obtained, which is directly contradicted by Finding
of Fact 17, as discussed above. However, Rad misreads Conclusion of Law 7, which does not state
that counsel’s heavy workload is evidence of an intentional failure to prosecute the case or conscious
indifference, but merely states that counsel may not rely on the excuse of a heavy workload as
grounds for reinstatement. Rad does not argue on appeal that his counsel’s workload should have
been considered sufficient grounds for reinstatement. As a result, Rad’s tenth issue is overruled.
                        Rad argues in his eleventh issue on appeal that the trial court abused its discretion in
determining that his original counsel failed to prosecute the case from December 2001 through
January 2006.


 In support of the argument that his original counsel was diligent in prosecuting the
case, Rad notes that his original counsel conducted discovery and sought substitution of counsel. 
However, the record merely reflects that a Rule 11 agreement regarding discovery was filed in May
2002. The next action by Rad’s original counsel took place when the motion to substitute was filed
in January 2006, leaving an unexplained period of inactivity spanning three years and eight months. 
Far shorter delays have been held sufficient to constitute a failure to prosecute. See, e.g., City of
Houston v. Robinson, 837 S.W.2d 262, 265 (Tex. App.—Houston [1st Dist.] 1992, no writ)
(providing that cases that have been pending for only one year may be dismissed for want of
prosecution); Allen v. Bentley Labs., Inc., 538 S.W.2d 857, 861 (Tex. App.—San Antonio 1976,
writ ref’d n.r.e.) (holding that trial court did not abuse its discretion in dismissing case in which no
activity had occurred for sixteen months); see also Tex. R. Jud. Admin. 6(b)(1) (trial courts should
“ensure that all cases are brought to trial or final disposition . . . [w]ithin 18 months from appearance
date” in civil jury cases). As a result, we hold that the trial court did not abuse its discretion in
determining that Rad’s original counsel failed to diligently prosecute the case. Rad’s eleventh
issue is overruled.
                        In his twelfth issue on appeal, Rad challenges Conclusion of Law 9, which states:
The Court finds that since good cause was not shown for the case being maintained
on the docket once the case was placed on the dismissal for want of prosecution
docket, this case was properly dismissed pursuant to Rule 165a of the Texas Rules
of Civil Procedure and the Rules and Procedures for the Travis County District
Courts.
 
 
                        In addressing this issue, Rad states, “If the court in this conclusion of law is stating
that at the Dismissal hearing in January 2007 that good cause was not shown for the case being
maintained on the docket, then Appellant cannot claim that the trial court erred in reaching this
conclusion.” We find the trial court to be making precisely the statement that Rad describes, namely,
that good cause to prevent dismissal was not shown at the January 2007 hearing, and therefore the
case was properly dismissed. Rad further states, “But, the trial court cannot claim that this failure
to appear at the Dismissal hearing justified the court’s refusal to reinstate the case.” As there is no
mention of the reinstatement process in Conclusion of Law 9, it is clear that the trial court is making
no such claim and therefore, Rad’s twelfth issue is overruled.
                        In Rad’s thirteenth issue, he challenges Conclusion of Law 10, which states:
 
After this case was dismissed there were not grounds shown to the Court for
reinstating the case and the case should not have been reinstated pursuant to Rule
165a of the Texas Rules of Civil Procedure or the Local Court Rules of the District
Courts of Travis County, Texas.


                        Rule 165a describes the standard for determining whether a case should be reinstated. 
“The court shall reinstate the case upon finding after a hearing that the failure of the party or his
attorney was not intentional or the result of conscious indifference but was due to an accident or
mistake or that the failure has been otherwise reasonably explained.” Tex. R. Civ. P. 165a(3). As
previously discussed, the trial court made affirmative findings that Rad’s failure to prosecute his
appeal was intentional or the result of conscious indifference, and was not due to an accident or
mistake, or otherwise reasonably explained. Each of these findings has been upheld on appeal. As
a result, the trial court did not err in determining that the case should not be reinstated pursuant to
Rule 165a.


 Rad’s thirteenth issue is overruled. 
                        In light of our determination of issues one through five and seven through thirteen,
we hold that the trial court did not abuse its discretion in denying Rad’s motion to reinstate.

Due Process
                        In his sixth issue on appeal, Rad argues that his due process rights were violated by
the dismissal of his case because his first substituted counsel did not receive notice of the trial
court’s intent to dismiss and therefore Rad was deprived of the opportunity of a hearing prior to the
dismissal. The failure of a trial court to provide notice before dismissing a case deprives the litigant
of the right to be heard, and is considered a denial of due process. Texas Sting, Ltd. v. R.B. Foods,
Inc., 82 S.W.3d 644, 648 (Tex. App.—San Antonio 2002, pet. denied). However, a hearing on a
motion to reinstate is considered the same hearing with the same burden of proof that a plaintiff
would receive before the trial court dismisses a cause for want of prosecution. Id.; Jimenez
v. Transwestern Prop. Co., 999 S.W.2d 125, 128 (Tex. App.—Houston [14th Dist.] 1999, no pet.). 
“Therefore, a post-dismissal hearing, like the one on the plaintiff’s motion to reinstate, remedies any
violations to the litigant’s due process rights occurring before dismissal.” Texas Sting, 82 S.W.3d
at 648-49. Because Rad was afforded a post-dismissal hearing on his motion to reinstate, we hold
that he was not deprived of due process by the lack of notice and a hearing prior to dismissal. As
a result, Rad’s sixth issue is overruled.

CONCLUSION
                        Because we have determined that the trial court did not err in denying Rad’s motion
to reinstate and that Rad was not deprived of due process, we will affirm the judgment of the
trial court.
 
                                                                        ___________________________________________
                                                                        Diane M. Henson, Justice
Before Justices Patterson, Puryear and Henson
Affirmed
Filed: July 17, 2008