# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00574-CV

**Chris Rad, Appellant**

**v.**

**Duncan Black, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
## NO. D-1-GN-01-004003, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On December 4, 2001, Chris Rad brought suit against Duncan Black, alleging common-law fraud. On January 31, 2007, the trial court dismissed Rad's suit for want of prosecution. Rad filed a motion to reinstate the case, which the trial court denied after holding a hearing. Rad appeals, arguing that the trial court abused its discretion in denying his motion to reinstate, and that he was deprived of due process because he did not receive notice or the opportunity for a hearing prior to his suit being dismissed for want of prosecution.

Because we have determined that the trial court did not abuse its discretion in denying Rad's motion to reinstate and that Rad was not deprived of due process, we affirm the dismissal.

## BACKGROUND

Rad brought suit against Black in December 2001, alleging common-law fraud in relation to the formation of Findmycity.com, a corporation in which both Rad and Black were

investors. In March 2002, Black filed his original answer, and on May 21, 2002, the parties filed a Rule 11 agreement regarding discovery issues.[1] No other activity is reflected on the trial court's docket until January 26, 2006, when Rad filed a motion to substitute counsel.

In June 2007, Rad received notice that his case had been dismissed for want of prosecution on January 31, 2007, and that the order of dismissal had been filed on April 17, 2007. Rad contends that his substituted counsel did not receive notice of the trial court's intent to dismiss prior to the dismissal, and further states that "it is unknown whether it was sent to original counsel, to whom it was sent, or if it was sent at all." Rad filed a motion to reinstate on June 20, 2007, and a second motion to substitute counsel on September 11, 2007.[2] A hearing was held on September 12, 2007, in which the trial court granted Rad's second motion to substitute counsel and denied his motion to reinstate. The chronology of relevant events is as follows:

12/04/2001 - Rad files original petition

03/25/2002 - Black files original answer

05/21/2002 - Parties file Rule 11 agreement regarding discovery

01/26/2006 - Rad files first motion to substitute counsel

---

[1] Black represented to the trial court in his objection to Rad's motion to reinstate that "the parties exchanged discovery requests in April, May and August of 2002."

[2] To avoid confusion, we will refer to Rad's counsel at the time suit was filed as his "original counsel"; the counsel substituted by the motion dated January 26, 2006, as his "first substituted counsel"; and the counsel substituted by motion dated September 11, 2007, as his "second substituted counsel." We also note that there is no indication in the record that Rad's first motion to substitute was ever granted. In the second motion to substitute, both the original counsel and the first substituted counsel requested permission to withdraw. However, in its findings of fact and conclusions of law, the trial court included Conclusion of Law 12, which states, "Plaintiff successfully substituted counsel from [first substituted counsel] to [second substituted counsel]."

2

01/08/2007 - Notice sent to parties stating that case is subject to dismissal for want of prosecution[3]

01/31/2007 - Case dismissed for want of prosecution

04/17/2007 - Order of dismissal filed

05/31/2007 - Notice of dismissal is mailed to the parties, stating case was dismissed on 1/31/2007

06/20/2007 - Rad files motion to reinstate

09/11/2007 - Rad files second motion to substitute counsel and requests reinstatement hearing

09/12/2007 - After hearing, trial court grants motion to substitute and denies motion to reinstate

10/11/2007 - Rad files notice of appeal

Rad also claims that on June 1, 2007, his first substituted counsel set the case for trial to be heard on October 22, 2007.  Black, on the other hand, contends that he never received notice of any trial setting and that his counsel was never contacted regarding trial dates.  Furthermore, the trial court found, in Finding of Fact 17, that "[a]lthough the case had been filed in December 2001, the case was never set on the trial docket."  In Tab 5 of the appendix to his brief, Rad has included documents that he describes as a "History of Settings for Cause," purporting to show that the case was set for trial on October 22, 2007.  However, the documents found at Tab 5 were not included in the trial court's record and therefore cannot be considered by this Court on appeal.  *See Quorum Int'l v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003,

---

[3] Finding of Fact 4 states, "On January 8, 2007, a notice that the case would be dismissed for want of prosecution on the Court's own motion was sent to the parties."  Rad maintains that his first substituted counsel never received this notice.

pet. denied) (stating that appellate court cannot look outside trial court's record in effort to discover relevant facts).

Rad now appeals the order of dismissal, arguing that the trial court erred in refusing to reinstate his case, and that he was deprived of due process because he did not receive notice and an opportunity for a hearing prior to the case being dismissed.

## STANDARD OF REVIEW

The decision to dismiss a case for want of prosecution rests within the sound discretion of the trial court, and can be disturbed on appeal only if it amounted to a clear abuse of discretion. *See State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984); *Bevil v. Johnson*, 307 S.W.2d 85, 87 (Tex. 1957). The same standard is applied in reviewing a denial of a motion to reinstate. *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Id.* at 242.

## DISCUSSION

Before reaching the merits of this appeal, we must consider Black's motion to strike and/or disregard portions of Rad's brief. Black contends that Rad's brief fails to meet the standards of the Texas Rules of Appellate Procedure, due to the lack of record references in the statement of

4

facts, and what Black describes as a failure to cite to the record "in an accurate or defensible manner." *See* Tex. R. App. P. 38.1. After Black's motion to strike was filed in this Court, Rad was granted leave to file an amended appellant's brief, which included additional record references in the statement of facts. In light of Rad's amended brief, the motion to strike is denied. However, Black may rest assured that this Court has carefully reviewed the record in this cause and, as previously noted, will not consider any facts or documents that were not included in the trial court's record.

*Motion to Reinstate*

Twelve of Rad's thirteen issues on appeal consist of challenges to various findings of fact and conclusions of law, each of which is based on his argument that the trial court erred in denying his motion to reinstate.

In Rad's first issue, he argues that the trial court abused its discretion in determining that the evidence he presented at the hearing on his motion to reinstate was insufficient to warrant reinstatement.[4] A trial court is compelled to reinstate a case "upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Tex. R. App. P. 165a(3). In order to determine whether the trial court abused its discretion in refusing reinstatement, we review the entire record and determine whether the evidence was sufficient to find

---

[4] Rad challenges Finding of Fact 13, which states, "At the hearing Plaintiff did not submit evidence or argument to the Court that was sufficient to convince the Court that the case should be reinstated."

that the failure of the party was not due to accident, mistake, or other reasonable explanation. *See*

*Texas Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no writ).

Significantly, the record on appeal does not include a reporter's record of the hearing on Rad's

motion to reinstate. A reporter's record is not a required element of the appellate record if it is

unnecessary to the appeal. *See* Tex. R. App. P. 34.1. However, the trial court's order states that, in

denying the motion to reinstate, it considered "the foregoing motions, pleadings, official records on

file in this cause and the evidence." In the absence of a reporter's record, we must presume that the

evidence presented at the hearing supports the trial court's judgment. *See Deck*, 954 S.W.2d at 112

("Absent a statement of facts or other record from the [reinstatement] hearing . . . it is presumed that

the trial judge reviewed and found all necessary facts to support the order."); *Land v. AT&S Transp.,*

*Inc.*, 947 S.W.2d 665, 668 (Tex. App.—Austin 1997, no writ) (where appellant did not provide

entire record from trial, appellate court "must presume the omitted evidence supports the judgment").

In addition to any evidence presented by the parties at the reinstatement hearing, the

trial judge had evidence before it that there had been no filings in the case for a span of three years

and eight months—from the May 2002 filing of the parties' Rule 11 agreement to the January 2006

motion to substitute counsel. The court had further evidence that after the January 2006 motion to

substitute counsel was filed, there were no filings or other activities on the case until one year later,

when the suit was added to the dismissal docket in January 2007. The trial court also reviewed

Rad's motion to reinstate, which primarily attributed the lack of activity on the case to the heavy

workload of Rad's first substituted counsel, leaving no explanation for the lengthy span of inactivity

that occurred prior to the first substituted counsel's involvement in January 2006.

An unexplained and unreasonable delay in activity in prosecuting a case creates a presumption of abandonment. *See Hosey v. County of Victoria*, 832 S.W.2d 701, 704 (Tex. App.—Corpus Christi 1992, no writ). The time standards promulgated by the Texas Supreme Court, which call for jury cases to be disposed of within eighteen months, provide a prima facie standard for what constitutes an unreasonable delay. *See id.*; Tex. R. Jud. Admin. 6(b)(1). Given the record before us, we cannot conclude that the trial court abused its discretion in determining that Rad's evidence was insufficient to warrant reinstatement. Rad's first issue is overruled.

In Rad's second issue, he contends that the trial court erred in determining that his failure to prosecute the case was intentional or the result of conscious indifference, rather than accident or mistake.[5] Relying primarily on *Brown v. Howeth Investments, Inc.*, 820 S.W.2d 900 (Tex. App.—Houston [1st Dist.] 1991, writ denied), and *Wyatt v. Texas Oklahoma Express, Inc.*, 693 S.W.2d 731 (Tex. App.—Dallas 1985, no writ.), Rad asserts that he should not be held responsible for the actions of his attorneys in failing to move the case forward, and that by filing two motions to substitute counsel, he exhibited a deliberate intention to prosecute the case, rather than conscious indifference.

In reviewing the content and timing of Rad's motions to substitute counsel, we note that at the time his first motion to substitute was filed, the period of inactivity on the case had exceeded three years and eight months. In addition, the motion specifically states, "Plaintiff RAD expresses deepest gratitude and complete satisfaction for the work that [original attorney] has so far

---

[5] Rad challenges Finding of Fact 15, which states, "The failure to prosecute this case by Plaintiff or his attorney was intentional or the result of conscious indifference. The failure to prosecute this case was not due to an accident or mistake."

7

done." This statement conflicts with Rad's assertion on appeal that "after his first attorney failed to prosecute the case, he sought other counsel due to his extreme disappointment in the way his original attorney was handling the case even after Appellant's urging to move forward with the case." Furthermore, Rad's second motion to substitute counsel was not filed until *after* Rad had received notice that the case had been dismissed for want of prosecution. In light of the timing, Rad's second motion to substitute counsel may be viewed as merely an assertion that he intended to prosecute the case, and Texas courts have held that "the plaintiff's assertion at dismissal that []he did not intend to abandon the case is immaterial" to a trial court's determination of whether reinstatement is proper. *Wyatt*, 693 S.W.2d at 733.

The cases Rad cites in support of his contention that he should not be penalized for the actions of his attorneys are distinguishable from the present case. The court in *Wyatt* held that it was an abuse of discretion to refuse to reinstate a case that had been dismissed for want of prosecution after counsel was approximately thirty minutes late to the second day of trial, where plaintiff had timely appeared and was ready to proceed. 693 S.W.2d at 733. Significantly, the court notes, "We limit our holding to the facts of this case because it is based on our concern that where inequity results and other sanctions are available the failings of counsel should not be attributed to his client." *Id.* In the present case, however, Rad was not faced with the type of inequitable result at issue in *Wyatt*, as he could have substituted counsel at any time he became dissatisfied with the progress of his case. Far from being helpless to avoid the delay, Rad chose to wait until three years and eight months of inactivity had passed before filing his first motion to substitute, and then wait until the case had already been dismissed before substituting again.

8

In *Brown*, the trial court reversed the trial court's denial of a motion to reinstate, noting that "if we examine the plaintiff's response to the inactivity in his case, we can hardly blame the plaintiff for his lawyer's default." 820 S.W.2d at 903. However, the facts of *Brown* also differ from the present case in that the plaintiff in *Brown* consulted with new counsel after only sixteen months of inactivity, noting that his original attorney had refused to provide him with a status and progress report, and there was evidence in the record that the plaintiff's original attorney had contributed to a lengthy delay in filing a motion to substitute, despite the efforts of plaintiff's substituted counsel to move the case forward. *Id.* at 901-02. In contrast, there is no indication in the record before us that Rad faced similar delays or frustrations with any of his attorneys, or that, faced with a prolonged period of inactivity in his case, Rad responded with the same level of diligence that was reflected in the facts of *Brown*.

Furthermore, Texas law generally attributes the actions of counsel to the client. *See, e.g.*, *Glass v. Anderson*, 596 S.W.2d 507, 509 (Tex. 1980) (noting that "the client is bound by the acts or omissions of the attorney within the scope of the attorney's authority, express, implied, or apparent, in the accomplishment of the purpose for which he was retained"); *Texas Employers Ins. Ass'n v. Wermske*, 349 S.W.2d 90, 95 (Tex. 1961) (holding that counsel "is the agent of the client, and his action or nonaction within the scope of his employment or agency is attributable to the client"); *In re R.B.*, 225 S.W.3d 798, 803 (Tex. App.—Fort Worth 2007, no pet.) ("It is well settled that the attorney-client relationship is an agency relationship; the attorney's acts and omissions within the scope of his or her employment are regarded as the client's acts."). In light of this rule and the record on appeal in this case, we cannot say that the trial court abused its discretion in

9

determining that the failure to prosecute was intentional or the result of conscious indifference, rather than accident or mistake. Rad's second issue is overruled.

Rad's third issue resembles issues one and two, in that he complains that the trial court erred in finding that no reasonable explanation was shown for his failure to prosecute the case.[6] In addition to the arguments previously addressed, Rad contends that "the trial court could not have found it unreasonable for Appellant to fail to respond to the Notice of Intent to Dismiss since Appellant never received the notice."

The record does not reflect where, or to whom, the notice of intent to dismiss was sent in January 2007. In Rad's verified motion to reinstate, his first substituted counsel stated that he did not receive notice of the dismissal hearing. However, absent a reporter's record, we must assume that at the hearing on Rad's motion to reinstate, the trial court found evidence that supported its findings. *See Deck*, 954 S.W.2d at 112. Furthermore, Rad's case was placed on the dismissal docket in January 2007, after it had been on file for more than five years without being set for trial, and after twelve months had passed with no filings or other activity. *See* Travis County (Tex.) Dist. Ct. Loc. R. 8.1 (under Travis County local rules, cases that are eligible for dismissal for want of prosecution include those "that have been on file for more than 18 months that are not set for trial and have had no filings or settings within 180 days."). Even if Rad's first substituted counsel did not receive notice of the dismissal hearing, this lack of notice does nothing to justify the lack of activity in the case prior to January 2007. As a result, we cannot find that the trial court abused its discretion in

---

[6] Rad challenges Finding of Fact 16, which states, "Plaintiff did not show in his motion to reinstate or at the hearing any other reasonable explanation for the failure to prosecute this case."

determining that there was no reasonable explanation for Rad's failure to prosecute his case. Rad's third issue is overruled.

Rad argues in his fourth issue on appeal that the trial court erred in finding that the case was never set on the trial docket.[7] Again, where there is no reporter's record, we must assume that the trial court found evidence at the hearing that supported its findings. *See Deck*, 954 S.W.2d at 112. In support of his argument that the evidence mandates a finding that the case was set for trial, Rad cites to the material found in Tab E of his brief, which, as previously discussed, cannot be considered on appeal because it is outside the trial court's record, and his motion to reinstate, in which his first substituted counsel claims that he had obtained a trial setting for October 22, 2007. Black, however, stated in his objection to Rad's motion to reinstate that he "received no notice of any trial setting nor had his attorney been contacted to confer concerning trial dates." In addition, Rad's motion to reinstate claims that his first substituted counsel received the notice of dismissal, postmarked May 31, 2007, "[a]t about the same time as obtaining a trial date." We find nothing in the record to explain how Rad's counsel obtained a trial setting in a case that had been already dismissed for approximately four months. For these reasons, we overrule Rad's fourth issue.

In Rad's fifth issue, he complains that the trial court used an improper standard for reviewing his motion to reinstate, quoting Conclusion of Law 1, which states, "Plaintiff's case was dismissed for want of prosecution because of an unreasonable and unexcused delay between the time of filing the case, December 2001, and the time the case was placed on the dismissal docket, January

---

[7] Rad challenges Finding of Fact 17, which states, "Although the case had been filed in December 2001, the case was never set on the trial docket."

2007." Rad correctly notes that the standard for denying a motion to reinstate is a finding that the failure of the party or his attorney was intentional or the result of conscious indifference, rather than an accident or mistake, or when the failure was not otherwise reasonably explained. *See* Tex. R. Civ. P. 165a(3). However, Rad misreads Conclusion of Law 1, which does not suggest that the motion to reinstate was denied due to an unreasonable and unexcused delay between filing and dismissal, but merely states that the case was initially *dismissed* for that reason. There is nothing in Conclusion of Law 1 to suggest that the trial court improperly denied Rad's motion to reinstate based on the delay between filing and dismissal, rather than determining that Rad's failure to prosecute the case was intentional or the result of conscious indifference. Rad's fifth issue is overruled.

Rad's seventh, eighth, and ninth issues challenge, respectively, Conclusion of Law 4, which states, "At the hearing the Plaintiff did not show good cause for failing to prosecute the case or for the case being maintained on the docket"; Conclusion of Law 5, which states, "After the case was dismissed, Plaintiff's grounds for reinstatement did not show good cause for failing to prosecute the case or for reinstating the case"; and Conclusion of Law 7, which states, "Plaintiff's failure to prosecute the case by Plaintiff or his attorney was intentional or the result of conscious indifference; it was not due to an accident or mistake, and the failure was not otherwise reasonably explained." Rad's discussion of these issues consists of a brief summary of the arguments made regarding his first and second issues. In light of our dispositions of issues one and two, we also overrule Rad's seventh, eighth, and ninth issues.

In his tenth issue, Rad claims that the trial court erred in determining that his first substituted counsel's explanation in the motion to reinstate that he had been unable to devote sufficient time to Rad's case due to a heavy workload on other cases was not an accident or mistake

that constitutes grounds for reinstating the case.[8] Rad argues that, though his counsel was handling several other cases, his heavy workload does not indicate that he intentionally, or with conscious indifference, failed to prosecute Rad's case. Rad also points out that his counsel took action to further the case, noting a demand letter that was allegedly sent to Black but does not appear in the record and claiming that a trial setting had been obtained, which is directly contradicted by Finding of Fact 17, as discussed above. However, Rad misreads Conclusion of Law 7, which does not state that counsel's heavy workload is evidence of an intentional failure to prosecute the case or conscious indifference, but merely states that counsel may not *rely* on the excuse of a heavy workload as grounds for reinstatement. Rad does not argue on appeal that his counsel's workload should have been considered sufficient grounds for reinstatement. As a result, Rad's tenth issue is overruled.

Rad argues in his eleventh issue on appeal that the trial court abused its discretion in determining that his original counsel failed to prosecute the case from December 2001 through January 2006.[9] In support of the argument that his original counsel was diligent in prosecuting the

---

[8] This issue constitutes a challenge to Conclusion of Law 7, which states:

Plaintiff's failure to prosecute this case from January 2006 through the time of the hearing on Plaintiff's motion to reinstate the case was arguably because counsel's schedule and work on other cases precluded working on this case. The Court finds such explanation is not reasonable and further is not an accident or mistake that constitute [sic] grounds for reinstating the case. Moreover, the Court finds that Plaintiff's failure and his attorneys' failure to prosecute the case was either intentional or the result of conscious indifference.

[9] Rad challenges Conclusion of Law 8, which states:

Plaintiff did not show good cause for the failure to prosecute this case from December 2001 through January 2006, during his representation by previous counsel. In addition, Plaintiff did not show that there was any reasonable explanation, accident or mistake that caused the delay in prosecuting this case from December 2001 through January 2006.

13

case, Rad notes that his original counsel conducted discovery and sought substitution of counsel. However, the record merely reflects that a Rule 11 agreement regarding discovery was filed in May 2002. The next action by Rad's original counsel took place when the motion to substitute was filed in January 2006, leaving an unexplained period of inactivity spanning three years and eight months. Far shorter delays have been held sufficient to constitute a failure to prosecute. *See, e.g.*, *City of Houston v. Robinson*, 837 S.W.2d 262, 265 (Tex. App.—Houston [1st Dist.] 1992, no writ) (providing that cases that have been pending for only one year may be dismissed for want of prosecution); *Allen v. Bentley Labs., Inc.*, 538 S.W.2d 857, 861 (Tex. App.—San Antonio 1976, writ ref'd n.r.e.) (holding that trial court did not abuse its discretion in dismissing case in which no activity had occurred for sixteen months); *see also* Tex. R. Jud. Admin. 6(b)(1) (trial courts should "ensure that all cases are brought to trial or final disposition . . . [w]ithin 18 months from appearance date" in civil jury cases). As a result, we hold that the trial court did not abuse its discretion in determining that Rad's original counsel failed to diligently prosecute the case. Rad's eleventh issue is overruled.

In his twelfth issue on appeal, Rad challenges Conclusion of Law 9, which states:

> The Court finds that since good cause was not shown for the case being maintained on the docket once the case was placed on the dismissal for want of prosecution docket, this case was properly dismissed pursuant to Rule 165a of the Texas Rules of Civil Procedure and the Rules and Procedures for the Travis County District Courts.

In addressing this issue, Rad states, "If the court in this conclusion of law is stating that at the Dismissal hearing in January 2007 that good cause was not shown for the case being maintained on the docket, then Appellant cannot claim that the trial court erred in reaching this

14

conclusion." We find the trial court to be making precisely the statement that Rad describes, namely, that good cause to prevent dismissal was not shown at the January 2007 hearing, and therefore the case was properly dismissed. Rad further states, "But, the trial court cannot claim that this failure to appear at the Dismissal hearing justified the court's refusal to reinstate the case." As there is no mention of the reinstatement process in Conclusion of Law 9, it is clear that the trial court is making no such claim and therefore, Rad's twelfth issue is overruled.

In Rad's thirteenth issue, he challenges Conclusion of Law 10, which states:

> After this case was dismissed there were not grounds shown to the Court for reinstating the case and the case should not have been reinstated pursuant to Rule 165a of the Texas Rules of Civil Procedure or the Local Court Rules of the District Courts of Travis County, Texas.

Rule 165a describes the standard for determining whether a case should be reinstated. "The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Tex. R. Civ. P. 165a(3). As previously discussed, the trial court made affirmative findings that Rad's failure to prosecute his appeal was intentional or the result of conscious indifference, and was not due to an accident or mistake, or otherwise reasonably explained. Each of these findings has been upheld on appeal. As a result, the trial court did not err in determining that the case should not be reinstated pursuant to Rule 165a.[10] Rad's thirteenth issue is overruled.

---

[10] The local court rules of the district courts of Travis County do not address reinstatement of cases that have been dismissed for want of prosecution. However, as previously noted, Rule 8.1 dictates that cases are eligible for dismissal for want of prosecution when they have been on file for more than 18 months, are not set for trial, and have had no filings or settings within 180 days. *See* Travis County (Tex.) Dist. Ct. Loc. R. 8.1.

In light of our determination of issues one through five and seven through thirteen, we hold that the trial court did not abuse its discretion in denying Rad's motion to reinstate.

*Due Process*

In his sixth issue on appeal, Rad argues that his due process rights were violated by the dismissal of his case because his first substituted counsel did not receive notice of the trial court's intent to dismiss and therefore Rad was deprived of the opportunity of a hearing prior to the dismissal. The failure of a trial court to provide notice before dismissing a case deprives the litigant of the right to be heard, and is considered a denial of due process. *Texas Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 648 (Tex. App.—San Antonio 2002, pet. denied). However, a hearing on a motion to reinstate is considered the same hearing with the same burden of proof that a plaintiff would receive before the trial court dismisses a cause for want of prosecution. *Id.*; *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 128 (Tex. App.—Houston [14th Dist.] 1999, no pet.). "Therefore, a post-dismissal hearing, like the one on the plaintiff's motion to reinstate, remedies any violations to the litigant's due process rights occurring before dismissal." *Texas Sting*, 82 S.W.3d at 648-49. Because Rad was afforded a post-dismissal hearing on his motion to reinstate, we hold that he was not deprived of due process by the lack of notice and a hearing prior to dismissal. As a result, Rad's sixth issue is overruled.

## CONCLUSION

Because we have determined that the trial court did not err in denying Rad's motion to reinstate and that Rad was not deprived of due process, we will affirm the judgment of the trial court.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   July 17, 2008